## MRS. EVA BROWN v. HENRY WARD BROWN.

### (Filed 14 September, 1921.)

**1. Appeal and Error—Objections and Exceptions—Assignment of Error—Record.**

An exception taken for the first time in the appellant's assignment of error will not be considered on appeal, except as to the charge of the court, etc., C. S., 590 (2), it being required that it appear in the record that it had been duly and properly taken.

**2. Same—Motions—Nonsuit—Evidence—Divorce.**

Where the husband appeals from a judgment in favor of his wife, in her action for an absolute divorce, because of his separation from her for five years, under C. S., 1659 (4), amended by Public Laws of 1921, ch. 63, and assigns error only in the court's refusing his motion to nonsuit upon the evidence on the ground that he was insane for a part of the time, it is necessary, so that we may pass upon its sufficiency, that the evidence should appear in the record and not in the assignment merely.

Appeal by defendant from *Allen, J.,* at the July Term, 1921, of Washington.

This is an action for divorce *a vinculo,* upon the ground that the parties have lived separate and apart from each other for five years before the commencement of this action, and was brought under the provisions of Public Laws of 1921, ch. 63. Plaintiff had previously obtained a decree for divorce from bed and board. Upon the findings of the jury, judgment was entered for the plaintiff granting her an absolute divorce. The defendant being insane, appeared by guardian *ad litem,* who appealed from the judgment, and the only exception is that the court refused to nonsuit the plaintiff, it being stated in the exception that it appeared from the evidence that defendant had been an inmate of the State Hospital a part of the statutory period of five years.

*W. L. Whitley for plaintiff.*
*No brief filed by defendant.*

Walker, J., after stating the case: The evidence is not in the record, and therefore we are unable to determine whether the insanity so appeared or not, and besides we should know at least the substance of the evidence in order to pass upon its legal sufficiency. We have often held that the ground of exception must appear in the record, and not only in the exception or assignment of error itself, which is the case here. *S. v. Jones* (at this term), citing *Wilson v. Wilson,* 174 N. C., 755; *In re Smith's Will,* 163 N. C., 466; *Todd v. Mackie,* 160 N. C., 352;

*Allred v. Kirkman, ib.,* 392; *Worley v. Logging Co.,* 157 N. C., 490. Those cases apply directly to the exception taken in this case, for upon such a motion as one for a nonsuit we must see what appears in the evidence so that we may adjudge for ourselves whether the motion was well based. Besides, even the exception does not state from whose evidence the alleged fact appeared, and if from the defendant's alone, the motion was properly overruled. We accept the evidence as true, upon such a motion, and view it in the light most favorable to the plaintiff, rejecting so much as is unfavorable to her, because the jury might do that very thing if the case were submitted to them. *Morton v. Lumber Co.,* 152 N. C., 54; *West v. Tanning Co.,* 154 N. C., 44. The court on a motion for nonsuit can only consider the plaintiff's evidence and so much of the defendant's as is favorable to him or supports his case. *Shives v. Eno Cotton Mills,* 151 N. C., 290; *Brittain v. Westhall,* 135 N. C., 492; *Daniel v. R. R.,* 136 N. C., 517; *Biles v. R. R.,* 139 N. C., 528. Defendant, as is attempted here, cannot state evidence in his exception, not appearing in the case, and then demur to it or ask for a nonsuit, or a dismissal of the case.

But if we should consider the verdict, though this is not permissible, the same result would follow. We get no more definite information from it than we do from the motion for a nonsuit or from the other parts of the record. It finds that the defendant is *now* (at the time of the trial) an inmate of the asylum, but there is nothing in the verdict to show how long he has been there or when he first became insane, or whether he has been continuously insane, and, if so, during what length of time. The record is entirely devoid of such information as we should have to decide the question intended to be presented, but which is not properly raised. We must, therefore, refuse to reverse the judgment and grant a new trial.

If the plaintiff had asked us to do so, we would have dismissed the appeal for want of a brief for the defendant (174 N. C., 837, Rule 34), but she did not do so, and we have considered the case on its legal merits.

No error.