Under the charge of his Honor the verdict has established that there was a breach of the agreement on part of defendant in forcing him to leave their employment by wrongful refusal to give him a living wage, and judgment having been entered for the damages awarded, the defendant objects to the validity of the trial:
1. That there was no consideration for the alleged contract, (489) the facts showing that plaintiff never had a legal claim against the company. This, too, has been resolved by the jury against the defendant, and while there are several exceptions noted to the proceedings in determination of these issues, we do not consider it necessary to refer to them in detail except to say that there were facts in evidence permitting the inference of liability, and if it were otherwise, the evidence, as accepted by the jury, all tended to show that the contract, if made, was by way of compromise and adjustment of a bona fide
claim on the part of plaintiff against the company. Such an adjustment will afford a sufficient consideration for the agreement whether the claim was well grounded or not. Dunbar v. Dunbar, 180 Mass. 170;Dickerson v. Dickerson, 19 Ga. App. 269; 6 R.C.L. 662, title Contracts, sec. 71; 5 R.C.L. 890, title Compromise, sec. 13, see generally on *Page 525 
Sufficiency of Consideration; Brown v. Taylor, 174 N.C. 423; Spencer v.Bynum, 169 N.C. 119; Institute v. Mebane, 165 N.C. 644.
In the Massachusetts case it was held that a compromise cannot be avoided for want of consideration, where made in settlement of a demand arising under a previous agreement between the parties which had been performed for several years, and which one of them insisted was valid and blinding. Digest taken from 94 A.S.R. 623. And the principle is well stated in the Georgia case as follows: "It is well settled that the law favors compromises, when made in good faith, whereby disputed claims are settled, and especially is this true when related to family controversies; and a promise, when thus made, in extinguishment of a doubtful claim, furnishes ssufficient [sufficient] consideration to support a valid contract. While it is not necessary that the contention which forms the basis of such a compromise shall be meritorious in order to support the promise, yet it is essential in order to furnish a consideration therefor, that the contention be made in good faith and be honestly believed in." A position especially exigent here, where the agreement was entered upon and lived up to by the parties for twelve years, and until plaintiff's claim for the injury is otherwise barred by the statute of limitations.
Defendant insists further that there is no evidence of a valid agreement by any one having authority to bind the company. This contract to take on a crippled employee for life is so out of the usual that authority to make it would assuredly not come under the ordinary powers of a mere foreman or boss, or even of an agent of mere general powers.Stephens v. Lumber Co., 160 N.C. 108. But, in addition to the testimony of plaintiff that Roberts, who purported to act for the company, was "operating the mill at the time" there were facts in evidence tending to show that the company paid for the operation amputating plaintiff's arm, and that the owner of the plant and the general superintendent both personally knew of the injury and the amputation, and that plaintiff was taken back with their employment (490) at the same wages, notwithstanding the loss of his arm, and they knew, or should have known, the condition of his return and the agreement concerning his employment, assuredly they had every opportunity to know, and there were facts sufficient to excite inquiry as to the terms of his further employment. As said in Powell v. LumberCo., 168 N.C. 632: "The scope of the implied authority of an agent may be extended by acts indicating authority which the principal has approved, or knowingly or, at times, negligently permitted the agent to do in the course of his employment." It appeared that this man, having only one arm, was on the employer's payroll at the price of a full *Page 526 
hand for twelve years, and if the management didn't know of the terms of plaintiff's employment their negligence in this respect should be imputed to them for knowledge. Again, it is very earnestly contended by appellant that the contract is too indefinite, and for this reason no recovery can be had thereon. It will be noted that this exception assumes the existence of the contract, and the jury has established it according to plaintiff's version. This being true, there is no uncertainty as to the terms which the parties have selected in which to express their agreement that plaintiff during his life would be given a living wage required for the support of himself and family. The person, the purpose, and the time of the contract are clearly given, and the only objection at all possible would be as to the difficulty in fixing upon the amount to be paid, or the value of the contract to plaintiff in case of breach. It is said by an intelligent writer on the subject that the law does not favor, but leans against, the destruction of contracts on account of uncertainty. Therefore, the courts will, if possible, so construe the contract as to carry into effect the reasonable intent of the parties, if it can be ascertained. 6 R.C.L. 648. And by another, that this intent may be determined at times by reference to extrinsic facts relevant to the inquiry. 1 Page on Contracts (2 ed.), sec. 101. Applying these principles, and by reference to the facts in evidence, the capacity of the plaintiff to earn wages, his physical condition, the number of his family, the cost of necessaries for an ordinary livelihood, together with the mortuary tables, also in evidence, would, with other facts, afford data, in our opinion, to enable a jury to come to a reasonable estimate as to the value of the contract held by plaintiff, reduced, of course, by the amount he would be able to earn by diligent effort, and in this aspect the case was considered by the jury and the damages awarded. Contracts not dissimilar have been upheld with us and other courts of approved authority. Rhyne v. Rhyne, 151 N.C. 400; LumberCo. v. Lumber Co., 165 Ala. 268; Henderson v. Spratlen, 44 Colo. 278.
As to the statute of limitations, the suit is on the contract, (491) and in this instance the right of action did not accrue to plaintiff till a breach of same, which occurred in 1920. Pinnix v.Smithdeal, 182 N.C. 410.
On careful consideration, we find no reversible error, and the judgment on the verdict is affirmed.
No error.
Cited: Insurance Co. v. Gavin, 187 N.C. 17; Hunsucker v. Corbitt,187 N.C. 503; Stevens v. R. R., 187 N.C. 530; Jones v. Light Co., *Page 527 206 N.C. 863; Dotson v. Guano Co., 207 N.C. 636; Chew v. Leonard,228 N.C. 185; Childress v. Abeles, 240 N.C. 678.