## SAM J. STEVENS v. SOUTHERN RAILWAY COMPANY.

### (Filed 9 April, 1924.)

**1. Contracts—Employment for Life—Consideration—Railroads.**

> A contract for the continued employment of a railroad company for his life, in consideration of the employee's forbearance to sue the company for damages he has received, caused by the company's negligence, is not invalid for indefiniteness of the duration of the employment, and is supported by a sufficient consideration.

**2. Same—Evidence.**

> Where a railroad company is sued by. its employee for breach of a valid contract of employment for life, in consideration of forbearance of its employee to sue for damages for a personal injury negligently inflicted by it while in its employment, evidence of the extent of such injury is competent upon the question of the sufficiency of· the consideration to support the contract.

**3. Railroads—Consideration—Contracts—Employment — Personal Relations.**

> Where a valid contract for the employment of personal services for life has been made by a railroad company in consideration of forbearance by the employee to sue the company to recover damages for a personal injury, it is binding upon a subsequent combination of this and other railroads that continued to accept the employee's services in recognition of the contract, and the principle upon which a contract of this character may not be assigned is inapplicable.

**4. Appeal and Error—Objections and Exceptions—Instructions—Presumptions.**

> On appeal, it will be presumed that the charge to the jury of the trial judge submitted all material and substantive phases of the evidence, when no exception has been taken thereto.

APPEAL by defendant from *Connor, J.,* at January Term, 1924, of
DURHAM.

The jury returned the following verdict:

1. Did the defendant enter into contract with the plaintiff that it
would keep him in its employment so long as plaintiff should live, as
alleged in the complaint? Answer: Yes.

2. If so, did defendant wrongfully breach said contract, as alleged in
the complaint? Answer: Yes.

3. What sum, if any, is plaintiff entitled to recover of defendant as
damages? Answer: $1,000.

The plaintiff testified that he had worked for the Richmond and
Danville Railroad and the defendant, its successor, from 1879 until his
discharge, which took place in July or August, 1921; that he had been
injured through the negligence of the road for which he was working in
1883; that he had suffered later injuries, which were due to the same
cause, and had afterwards entered into a written contract executed by
himself, Captain West, Captain Green, superintendent of the road, who
was afterwards general manager of the Southern Railway, and another
man whose name he did not remember; that all these men were dead
but had worked for the defendants; that the contract, which had been
burned, provided substantially that if he did not sue the railroad for
his injuries it would give him a job as long as he could work and take
care of him afterwards. He further testified that in 1916 the president
of the defendant company gave him a bronze badge on one side of which
was the inscription, "Southern Railway Company for Loyalty," and
on the other, "Sam J. Stevens, 1879 to 1916"; that he was 71 years old
and at the time of his discharge was earning about $60 a month.

The defendant denied the execution of the alleged contract and intro-
duced evidence tending to show that the Southern Railway was not
organized until 1894 and that the plaintiff had been discharged for
neglect of duty. The defendant also alleged that the cause of action
was barred by the statute of limitations, but tendered no issue as to this
question, and none was submitted.

*Brawley & Gantt and R. O. Everett for plaintiff.*
*Fuller & Fuller for defendant.*

ADAMS, J. The first six exceptions are addressed to the admission of
evidence tending to show the nature and extent of the plaintiff's in-
juries. These injuries are described in the complaint, not for the pur-
pose of stating a cause of action, but of showing both the reasonable-
ness of the contract relied on and the circumstances under which it was
made. The plaintiff alleges that he filed no claim for damages because

he was assured by the company, through whose negligence he had been injured, that in consideration of his waiver he should have employment as long as he lived, and the evidence excepted to was properly admitted as tending to show the consideration upon which the agreément was made, and it was no doubt so understood by the jury.

It has been held that contracts of this character are not against public policy or incapable of enforcement on the ground of indefiniteness merely because the exact period of service is not specified. Hence the courts have sustained contracts by employers to give to servants injured by their negligence "steady and permanent" employment, or employment "as long as the company's works are running," or "so long as the business of a corporation continues," or during the life of the employee, or to give "a living wage required for the support of the employee and his family." As we have indicated, it cannot be said that the contract between the plaintiff and the railroad was without consideration. They entered into a compromise and adjustment of the plaintiff's claim for damages, and "such adjustment will afford a sufficient consideration for the agreement whether the agreement was well founded or not." *Fisher v. Lumber Co.*, 183 N. C., 485; *Pennsylvania Co. v. Dolan*, 6 Ind. App., 109; *Lead Co. v. Kinlin*, 47 Neb., 409; *McMullen v. Dickin- son Co.*, 63 Minn., 405; *Carnig v. Carr*, 35 L. R. A. (Mass.), 512; *Texas C. R. Co. v. Eldridge*, 155 S. W. (Texas), 1010; *Cox. v. Railroad*, 50 L. R. A. (N. S.) (Ind.), 453 and note. See, also, *Rhyne v. Rhyne*, 151 N. C., 400; *Re Estate of McVicker*, 28 L. R. A. (N. S.), 1112.

These propositions, as we understand, are not seriously disputed, but it is insisted that the contract was made, if at all, with the Richmond and Danville Railroad, and is therefore not binding on the defendant. We are not inadvertent to authorities holding that executory contracts for personal services involving a personal relation or confidence between the parties cannot be assigned (*R. R. v. R. R.*, 147 N. C., 368), but in our opinion the disposition of the present appeal is not dependent upon a decision of this question. There was evidence tending to show that the contract had been duly executed on the part of the Richmond and Danville Railroad Company by three men, including Captain Green, the superintendent, who was afterwards superintendent of the defendant; that the defendant was formed by the combination of the Richmond and Danville Railroad and other roads, and that when the consolidation was concluded the Richmond and Danville Railroad was "one of the constituent elements of the Southern"; that after the combination some of the former officers continued in the service of the defendant, and that the plaintiff had been awarded a bronze medal bearing the two inscriptions, "Sam Stevens, 1879 to 1916" and "Southern Railway Company for Loyalty." These and other circumstances appearing from

the evidence were sufficient to create a reasonable inference that the defendant, with knowledge of the contract, continued the plaintiff's employment and recognized and ratified the agreement, under which the compromise was effected and the service rendered and accepted. There was no exception to the charge, and we must presume that all material and substantive phases of the evidence were properly submitted to the jury. *Todd v. Mackie,* 160 N. C., 352; *Brown' v. Brown,* 182 N. C., 42; *S. v. Jones,* 182 N. C., 781.

After a careful examination of the record we find no reversible error.
No error.