B. E. JONES v. CAROLINA POWER AND LIGHT COMPANY.

(Filed 11 July, 1934.)

1. **Master and Servant A a—Contract of employment held not void for indefiniteness.**

   A contract to employ a person for a period of at least ten years if such person would leave his present employment and work for the proposed employer in another city is not void for indefiniteness for failure of stipulation of the amount of compensation or character of services to be rendered, or because the employee might terminate the contract at any time.

2. **Principal and Agent A a—**

   Proof of agency, as well as its nature and extent, may be made by the direct testimony of the alleged agent upon the trial, but not by his extra-judicial declarations of agency.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *McElroy, J.,* at September Term, 1933, of BUNCOMBE.

Civil action to recover damages for alleged breach of contract of employment.

There is allegation and evidence on the part of the plaintiff, tending to show that on 25 September, 1926, the plaintiff, an experienced street-car motorman or conductor, was induced by defendant's agent and superintendent to leave his employment and home in Spartanburg, S. C., and come to Asheville, N. C., to break a strike, "the operators of the street cars in the city of Asheville then being out on strike," under a promise of "permanent employment for the term of at least ten years"; that plaintiff remained in the employment of the defendant until 24 January, 1932, when he was discharged without cause; and that the defendant has refused to reëmploy him in any capacity whatever.

Defendant's superintendent of distribution and lighting, who was also assistant to the vice-president of the company, as a witness for the defendant, testified on cross-examination, *inter alia,* as follows: "Mr. Jones in this case was told by me that if he would accept this job and begin work and help break this strike, and, in the event later he did not get regular work on the cars, I would give him other work in other departments. . . . I will say positively there was no definite length of time specified. . . . When I went to South Carolina, I had authority not only to hire the men to operate the street cars, but offer and promise them work in other departments, if they were not used on the street cars in order that we might give them regular work, because I knew they were being put by me in a dangerous situation."

Upon denial of liability and issues joined, the jury returned a verdict in favor of the plaintiff and assessed the damages at $1,780. From the judgment entered thereon, the defendant appeals, assigning errors.

*Weaver & Miller and J. Y. Jordan, Jr., for plaintiff.*

*A. Y. Arledge, R. F. Phillips and Harkins, Van Winkle & Walton for defendant.*

STACY, C. J. The defendant assails the validity of the trial principally upon the ground: first, that the alleged contract of employment is too indefinite; and, second, that defendant's agent's authority to make such a contract, if made, is nonexistent and nonapparent.

The contract as established by the verdict is not void for indefiniteness. *Stevens v. R. R.,* 187 N. C., 528, 122 S. E., 295; *Fisher v. Lumber Co.,* 183 N. C., 485, 111 S. E., 857.

The law is stated in 39 C. J., 41, as follows: "It has been held further that the relinquishment of a present position in reliance on a promise

to give permanent employment is a sufficient consideration for such a contract, that such a contract is not void as indefinite, or as wanting in mutuality because the employee is not bound to continue in the employer's service, or because the employee might terminate the contract at will, although the employer is bound. And such a contract is not void for uncertainty, for lack of a stipulation as to the compensation, or character of the services to be rendered."

The authority of the defendant's agent to make the alleged contract was submitted in an issue to the jury and answered in the affirmative. Indeed, the agent's own testimony is to the same effect. Proof of agency, as well as of its nature and extent, may be made by the direct testimony, but not by the extra-judicial declarations, of the alleged agent. *Allen v. R. R.,* 171 N. C., 339, 88 S. E., 492; *Sutton v. Lyons,* 156 N. C., 3, 72 S. E., 4; *Hill v. Bean,* 150 N. C., 436, 64 S. E., 212; *Machine Co. v. Seago,* 128 N. C., 158, 38 S. E., 805; 1 R. C. L., 821.

The principle upon which *Stephens v. Lumber Co.,* 160 N. C., 107, 75 S. E., 933, was decided is not applicable to the facts of the present case.

The record is free from reversible error, hence the verdict and judgment will be upheld.

No error.

Schenck, J., took no part in the consideration or decision of this case.