ISAAC M. DOTSON v. F. S. ROYSTER GUANO COMPANY.

(Filed 28 January, 1935.)

**1. Master and Servant A a—**

The trial of the issues relating to the establishment and breach of the contract of employment sued on *held* without error in this case.

**2. Damages F b—Measure of damages for breach of contract of employment.**

Plaintiff declared upon a contract of employment, based upon sufficient consideration, under which defendant agreed to continue to give plaintiff employment for life or so long as he was able to perform same, of the kind and character he was performing at the time of the execution of the contract. Defendant promoted plaintiff from time to time with increased compensation, but thereafter discharged plaintiff: *Held*, in plaintiff's action for breach of the contract, under the evidence the damages should have been limited to and based upon the rate of compensation paid for the kind and character of the work plaintiff was performing at the time the contract was executed, and the rule that a contract will be construed in connection with the practical interpretation given thereto by the parties, has no application to the case.

APPEAL by defendant from *Cowper, Special Judge,* at June Term, 1934, of MECKLENBURG.

Civil action to recover for breach of contract to give plaintiff employment, which he alleges the defendant made as a part of the consideration for his executing a release of claim for damages growing out of a personal injury suffered by him while in the defendant's employ.

The injury suffered by plaintiff, which ultimately resulted in the amputation or loss of his right leg, occurred 13 December, 1913, while plaintiff was employed at defendant's Spartanburg plant. In 1914 plaintiff was transferred to defendant's Charlotte plant and given the occupation of timekeeper, which position he held in August, 1915, when the contract sued upon is alleged to have been made. Thereafter, in 1917, the plaintiff was promoted to factory bookkeeper, and again in 1926 he was moved to the uptown office and given the duties of bookkeeper and cashier. He was discharged from defendant's employ at the close of 1931. The salary of timekeeper at defendant's Charlotte plant during 1932 and 1933, the time for which he presently sues, was $20 per week.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did the plaintiff and the defendant enter into a contract by the terms of which the defendant agreed, for the period of the plaintiff's life or as long as he was able to perform same, to give plaintiff employment

of the kind and character he was performing in August, 1915, at the regular compensation therefor?   Answer: 'Yes.'

"2. Has the plaintiff at all times been able, ready, and willing to perform the said contract, as alleged in the complaint?   Answer: 'Yes.'

"3. Did the defendant wrongfully breach said contract, as alleged in the complaint?   Answer: 'Yes.'

"4. If so, what damages, if any, is the plaintiff entitled to recover for the period from 1 January, 1932, to 31 December, 1932?   Answer: '$2,100.'

"5. What damages, if any, is the plaintiff entitled to recover for the period from 1 January, 1933, to 31 December, 1933?   Answer: '$1,700.' "

With plaintiff's consent, the court reduced the award of damages given in response to the fourth issue to $1,800, and that given in response to the fifth issue to $1,600, and rendered judgment accordingly.

From the judgment thus rendered the defendant appeals, assigning errors.

*John M. Robinson and Marvin L. Ritch for plaintiff.*

*Willcox, Cooke & Willcox and Tillett, Tillett & Kennedy for defendant.*

STACY, C. J.   A careful perusal of the record leaves us with the impression that no error was committed on the trial of the first three issues establishing the alleged contract and its breach.   *Jones v. Light Co.,* 206 N. C., 862, 175 S. E., 167; *Stevens v. R. R.,* 187 N. C., 528, 122 S. E., 295; *Fisher v. Lumber Co.,* 183 N. C., 485, 111 S. E., 857.   But a contrary impression prevails with respect to the fourth and fifth issues.

In apt time, the defendant asked the court to instruct the jury as follows:

"The court instructs the jury that the alleged contract for 'employment of the kind and character the plaintiff was then performing' means the same kind and character of employment which the plaintiff was performing in August, 1915, at the time the alleged contract was made. The plaintiff's own evidence is that he was employed as a timekeeper at that time.   In arriving at the amount of damages to which the plaintiff is entitled, if you find he is entitled to damages, you can consider only the regular compensation for a timekeeper at the Charlotte factory of the defendant in the years 1932 and 1933.   The uncontradicted evidence is that such pay for each year was $20.00 per week.   Therefore, the maximum amount of damages for such year is $1,040, from which must be deducted the amount the plaintiff earned in each year, or could have earned by due diligence."

The refusal to give the instruction thus requested forms the basis of one of defendant's exceptive assignments of error.   Under the contract

alleged by the plaintiff, and as established by the jury's answer to the first issue, and the admitted evidence in the case, it would seem that the defendant's prayer to the above effect should have been granted. The fact that plaintiff was advanced in his work from time to time, with increased compensation, even if regarded in fulfillment of defendant's promise to give him employment, would not change the terms of the original agreement. The contract was to give the plaintiff employment of the kind and character he was performing in August, 1915, and not of the kind and character he was then performing, with reasonable advancement from time to time. Nor can generosity of fulfillment for awhile be construed as an enlargement of the contract. The practical interpretation of the parties is not applicable to the case. *Cole v. Fibre Co.,* 200 N. C., 484, 157 S. E., 857. The plaintiff has limited his recovery by the plain terms of the agreement upon which he sues.

Partial new trial.