### R. MALEVER v. KAY JEWELRY COMPANY.

(Filed 5 May, 1943.)

**1. Contracts § 17: Master and Servant §§ 1, 7a—**

Ordinarily, where there is no additional expression as to duration, a contract for permanent employment implies an indefinite general hiring, as contrasted with a temporary job, terminable in good faith at the will of either party.

**2. Master and Servant § 7a: Contracts § 23—**

In an action to recover wages while out of work, where plaintiff's evidence tended to show that he gave up a steady job to accept an offer from defendant for permanent employment in a new store, without further agreement as to duration of time, no business usage or other circumstance being shown, and defendant discharging plaintiff upon closing his new store after eight weeks, judgment of nonsuit was properly allowed.

APPEAL by plaintiff from *Warlick, J.,* at February Term, 1943, of MECKLENBURG.

Civil action for breach of contract of hire.

The plaintiff alleges and offered evidence tending to show that on 1 December, 1941, he received a telegram from the defendant offering him "a regular permanent job" at $50 a week as salesman in the defendant's new store in Charlotte. The plaintiff was then working in Fayetteville, N. C., at a salary of $75 a week. Pursuant to instructions, the plaintiff called the defendant over long distance telephone and insisted that while he would "rather work for less in Charlotte and be at home with his family," if he gave up his position in Fayetteville, then paying a larger wage, he would expect a regular permanent job, saying: "I want you to understand I am not taking that as a Christmas job; I want it to be permanent." The defendant replied: "It will be permanent, you have my word. . . . You have a permanent, steady place with me, just like the wire says."

The plaintiff worked for the defendant eight weeks, when he was discharged without cause. Plaintiff was ready, able and willing to continue his employment. There is no contention that his services were not satisfactory.

Some time thereafter, the plaintiff secured employment in Wilmington. He sues for the weeks he was out of work.

The defendant testified that it was necessary to close one of his stores in Charlotte as they were operating at a loss; that he discussed the matter with the plaintiff and paid him in addition to his wages the sum of $200 in full satisfaction; that plaintiff suggested this amount: "He said, if I gave him $200 he would be perfectly satisfied and would be happy about it, and that that would be the end of it." Defendant fur-

ther testified that he was not aware of what the plaintiff was paid in Fayetteville until this conversation.

From judgment of nonsuit entered upon consideration of all the evidence, the plaintiff appeals, assigning error.

*G. T. Carswell and Joe W. Ervin for plaintiff, appellant.*
*J. Laurence Jones for defendant, appellee.*

STACY, C. J.  The question for decision is whether the agreement to give the plaintiff "a regular permanent job" in the defendant's new store means any more than an indefinite general hiring terminable in good faith at the will of either party.  35 Am. Jur., 460; 39 C. J., 41.

While it is suggested in plaintiff's testimony that the inducement to give up his job in Fayetteville was sufficient consideration to support the agreement for permanent employment, still the agreement itself is for no definite time, and there is no business usage or other circumstance appearing on the record which would tend to give it any fixed duration. Anno. 35 A. L. R., 1432; 62 A. L. R., 234.  Conversely, it is suggested the moving cause of plaintiff's acceptance was his desire to be in Charlotte with his family, which more than outweighed the difference in pay. He was employed until the defendant closed his store.  35 Am. Jur., 461.

The case of *Jones v. Light Co.,* 206 N. C., 862, 175 S. E., 167, cited and relied upon by the plaintiff, is not in point.  There, the promise in consideration of exceptional efforts on the part of the plaintiff, was to give him "permanent employment for the term of at least ten years." Nor are the cases of *Fisher v. Lumber Co.,* 183 N. C., 485, 111 S. E., 857, *Stevens v. R. R.,* 187 N. C., 528, 122 S. E., 295, and *Dotson v. Guano Co.,* 207 N. C., 635, 178 S. E., 100, where there were agreements to give employment for life in settlement of personal injury claims, controlling on the facts of the instant record.

The general rule is, that "permanent employment" means steady employment, a steady job, a position of some permanence, as contrasted with a temporary employment or a temporary job.  Ordinarily, where there is no additional expression as to duration, a contract for permanent employment implies an indefinite general hiring, terminable at will. *McKelvy v. Oil Co.,* 52 Okla., 81, 152 P., 414.  Here, the plaintiff shows a promise of permanent employment, *simpliciter,* and no more.  Anno., 135 A. L. R., 646.

We find nothing on the record to take the case out of the general rule.

Affirmed.