G. V. HOWELL, JR., v. COMMERCIAL CREDIT CORPORATION.

(Filed 21 October, 1953.)

1. **Pleadings § 19c—**

   A demurrer admits the factual averments of the complaint but not legal conclusions set out therein.

2. **Master and Servant § 6f—When contract of employment is for indefinite period, the employment is terminable at will.**

   The complaint alleged that plaintiff was employed by defendant, given repeated promotions over a period of time, that plaintiff was asked if he meant to make a career of his employment and, upon an affirmative answer, was sent to a three week training school, but that five days thereafter defendant ordered plaintiff's return and summarily discharged him without cause. *Held:* Demurrer was properly entered in plaintiff's action for wrongful discharge, since upon the facts alleged the contract was not for any definite time and was terminable at the will of either party without cause. Plaintiff's position would not be aided if the employment had been "upon a permanent basis" since the contract would still be for an indefinite period, terminable at will.

APPEAL by defendant from *Godwin, Special Judge,* at May Term, 1953, of PITT.

Civil action for damages for breach of an employment contract by wrongful discharge.

The allegations of the complaint are summarized in the numbered paragraphs set forth below.

1. The defendant Commercial Credit Company is a corporation which is engaged in the business of lending money at Greenville and other places in North Carolina and elsewhere.

2. The plaintiff G. V. Howell, Jr., was employed by the defendant in various capacities at Greenville from 19 September, 1950, until 24 January, 1953. As a consequence of his diligence in the performance of the tasks assigned to him by the defendant during this period, the plaintiff was repeatedly promoted to positions carrying greater responsibility and increased compensation.

3. On 24 January, 1953, the plaintiff and the divisional manager of the defendant in the territory embracing Greenville held this telephonic colloquy at the instance of the latter: "The plaintiff was asked by said divisional manager if he intended to make a career with the defendant and if he did said divisional manager wanted the plaintiff to leave next morning for Baltimore and there attend the three-week training school which the defendant . . . was holding for the purpose of training its employees . . .; and the plaintiff, giving an affirmative reply to the inquiry, was instructed to draw sufficient funds from the defendant's local

manager to cover his traveling expenses to and from Baltimore and maintenance while in attendance upon said school."

4. The action of the divisional manager of the defendant set out in the preceding paragraph gave the plaintiff "the implied assurance from the defendant that his employment with defendant corporation was upon a permanent basis and that a position with the corporation was fixed and assured."

5. Pursuant to the directions of the divisional manager of the defendant set out in paragraph 3 of this statement, the plaintiff attended the school at Baltimore until 29 January, 1953, when the defendant ordered him to return to Greenville.

6. On his return to Greenville, the plaintiff was forthwith discharged from his employment by the defendant without cause.

7. The plaintiff claims damages totaling $2,800.00 "for loss in salary" subsequent to his discharge, and "on account of the humiliation . . . caused by the summary discharge from the employment of the defendant."

The defendant demurred in writing to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The presiding judge overruled the demurrer, and the defendant appealed, assigning that ruling as error.

*Albion Dunn for plaintiff, appellee.*
*Louis W. Gaylord, Jr., for defendant, appellant.*

ERVIN, J. The demurrer admits the factual averments of the complaint relating to the colloquy between the plaintiff and the divisional manager of the defendant, but it does not admit the legal conclusion of the complaint that such colloquy operated as an implied assurance from the defendant to the plaintiff that his employment by it was to be permanent. *Clinard v. Lambeth,* 234 N.C. 410, 67 S.E. 2d 452; *Anderson v. Atkinson,* 234 N.C. 271, 66 S.E. 2d 886.

When the plaintiff is accorded the full benefit of all its factual averments, the complaint merely alleges a hiring under a contract which does not specify any definite time for the duration of the employment. Since an employment for an indefinite term is terminable at the will of either party without cause, the complaint does not state facts sufficient to constitute a cause of action for breach of an employment contract by wrongful discharge. *May v. Power Co.,* 216 N.C. 439, 5 S.E. 2d 308; *Elmore v. R. R.,* 191 N.C. 182, 131 S.E. 633, 43 A.L.R. 1072.

We deem it not amiss to observe, in closing, that the legal standing of the plaintiff would not be bettered a single whit if the legal conclusion of the complaint could be construed to be a factual averment that the defendant actually contracted to employ plaintiff "upon a permanent basis."

A mere agreement to give another permanent employment, in and of itself, implies nothing more than a general or indefinite hiring terminable at the will of either party. *Malever v. Jewelry Co.*, 223 N.C. 148, 25 S.E. 2d 436.

The judgment overruling the demurrer is

Reversed.