WILLIAM TUTTLE v. KERNERSVILLE LUMBER COMPANY, A
CORPORATION.

(Filed 16 December, 1964.)

**Master and Servant § 10—**

   A contract of employment which provides that if the employee should quit he would forfeit all bonus rights, while if he should be discharged the employer would pay 10 per cent of his bonus, calculated to the date of his discharge, *is held* terminable at will, there being no definite term, notwithstanding the contention of the employee that his employment was to be permanent as long as his work was satisfactory, since ordinarily any contract of employment is based upon the services being satisfactory, and a contract for permanent employment implies only an indefinite general hiring, terminable at will.

APPEAL by plaintiff from *McConnell, J.,* 20 January Session 1964 of FORSYTH.

This is a civil action instituted by the plaintiff to recover damages for his alleged wrongful discharge as an employee of defendant company.

Prior to August 1962 the plaintiff had been employed by Wilson Lumber Company in Rural Hall, North Carolina, for approximately 25 years. In August 1962 the plaintiff was contacted by two salesmen, who worked for a third party and who called on the Wilson Lumber Company and the Kernersville Lumber Company. These salesmen informed the plaintiff that the defendant company was interested in talking to someone about assuming the duties as manager of defendant company.

Thereafter, plaintiff, according to his testimony, contacted John W. Lain, president of defendant company, and entered into negotiations

concerning his employment as general manager of Kernersville Lumber Company. About 15 August 1962, Mr. Lain employed the plaintiff effective 17 September 1962. Plaintiff returned to his former employer and worked until 15 September 1962. Plaintiff further testified that during his negotiations with Mr. Lain it was agreed, verbally, that plaintiff would "have a permanent job as long as my work was satisfactory."

On 1 September 1962, the following agreement was entered into:

"September 1, 1962. We the undersigned, do enter into the following agreement to become effective September 17, 1962:

"William Tuttle is hereby employed by the Kernersville Lumber Company with the following salary agreement:

"a salary of One Hundred and Twenty-Five Dollars ($125.00) per week will be paid with a bonus of Five Hundred Dollars ($500.00) to be paid on or before December 20, 1962.

"after January 1, 1963, should matters prove satisfactory to all involved, a bonus of 10% of the net profit before taxes will be paid, unless Mr. Tuttle voluntarily terminates employment, upon which occasion he would forfeit all bonus rights. This bonus would be paid about March 1964. However, should Mr. Tuttle be discharged, his 10% bonus will be figured to date and paid within 60 days.

/s/ John W. Lain, President
/s/ William Tuttle"

The plaintiff went to work with defendant company on 17 September 1962 and worked until 22 December 1962, at which time defendant company terminated plaintiff's employment. In accordance with the above agreement, defendant paid plaintiff, including the $500.00 bonus, through December 1962.

The cross examination of the plaintiff tends to show that plaintiff's services were not altogether satisfactory. However, on 28 December 1962, Mr. Lain, president and general manager of defendant company, gave the plaintiff a letter of recommendation, addressed "To Whom It May Concern." In this letter, Mr. Lain stated that he considered Mr. Tuttle to be a man of "fine character and standing"; that he had "found him hard working and honest in his dealings." Mr. Lain then stated that his health had improved and there was no need for training an additional manager for the firm.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed. Plaintiff appeals, assigning error.

*White & Crumpler, Harrell Powell, Jr., Edward R. Green and Fred G. Crumpler, Jr., for plaintiff.*

*Booe, Mitchell & Goodson for defendant.*

DENNY, C.J. The plaintiff contends that under his agreement with the defendant company he is entitled to employment by defendant company for life or as long as his work is satisfactory, citing *Fisher v. John L. Roper Lumber Co.*, 183 N.C. 485, 111 S.E. 857; *Jones v. Carolina Power & Light Co.*, 206 N.C. 862, 175 S.E. 167; *Dotson v. F. S. Royster Guano Co.*, 207 N.C. 635, 178 S.E. 100; and cases from other jurisdictions.

In *Fisher v. Lumber Co., supra,* the plaintiff employee had a bona fide claim for personal injuries suffered while in the employment of the defendant. The plaintiff was preparing to bring suit for damages. A compromise agreement was reached upon condition that the defendant would give the plaintiff employment such as he was then capable of doing, and pay him a living wage for the support of himself and family for life. This compromise agreement was held valid and enforceable.

Likewise, in the case of *Dotson v. Guano Co., supra,* the contract of employment for life was based on the settlement of a claim for personal injuries sustained by the plaintiff while in the employment of defendant. This contract was also upheld.

In *Jones v. Light Co., supra,* the evidence tended to show that on 25 September 1926 the plaintiff, an experienced motorman or conductor, was induced by defendant's agent and superintendent to leave his employment and home in Spartanburg, South Carolina, and to come to Asheville, North Carolina, to break a strike (the operators of the street cars in Asheville then being out on strike), under a promise of "permanent employment for the term of at least ten years"; that plaintiff remained in the employment of defendant until 24 January 1932 when he was discharged without cause. This agreement of employment was upheld as not being void for indefiniteness.

However, in the instant case, in our opinion, the agreement entered into between the plaintiff and the president of the defendant corporation fixed the terms upon which the contract might be terminated. If the plaintiff voluntarily quit, he was to forfeit all bonus rights; on the other hand, should the defendant discharge the plaintiff, the defendant was required to pay the ten per cent bonus calculated to the date of discharge and to pay such bonus to plaintiff within sixty days.

Plaintiff contends that his agreement with Mr. Lain, president of defendant corporation, was to the effect that plaintiff would "have a permanent job as long as my work was satisfactory."

We understand that ordinarily any contract of employment is based upon the services being satisfactory. Even so, we think under the facts in this case the contract was nothing more than one of indefinite hiring, terminable at will. *Malever v. Jewelry Co.*, 223 N.C. 148, 25 S.E. 2d 436.

In the last cited case the plaintiff employee left his work in Fayetteville to accept employment with the defendant in Charlotte on a "regular permanent basis." The court below sustained a judgment as of nonsuit. On appeal, Stacy, C.J., speaking for the Court, said: "While it is suggested in plaintiff's testimony that the inducement to give up his job in Fayetteville was sufficient consideration to support the agreement for permanent employment, still the agreement itself is for no definite time, and there is no business usage or other circumstance appearing on the record which would tend to give it any fixed duration. * * *

"The general rule is, that 'permanent employment' means steady employment, a steady job, a position of some permanence, as contrasted with a temporary employment or a temporary job. Ordinarily, where there is no additional expression as to duration, a contract for permanent employment implies an indefinite general hiring, terminable at will." See also *Howell v. Commercial Credit Corp.*, 238 N.C. 442, 78 S.E. 2d 146; 35 Am. Jur., Master and Servant, § 24, page 460; 56 C.J.S., Master and Servant, § 31, page 412, *et seq.*

In the last cited authority it is stated: "As a general rule employment contracts which in some form purport to provide for permanent employment as where the agreement is for the employee to have a permanent position or permanent employment or employment for life, or the employee is hired to fill a 'permanent vacancy,' or where the employment is to be for as long as the master is operating, as long as the employee desires the position, or as long as the employee satisfactorily performs his duties, are terminable at will by either party where they are not supported by any consideration other than the obligation of service to be performed on the one hand and wages or salary to be paid on the other. Where, however, the employee gives consideration in addition to his services, as where he relinquishes a claim for personal injuries or gives some other thing of value, a contract for permanent employment, or as long as the services are satisfactory, is not such an indefinite contract as to come within the rule. * * *"

The judgment of the court below is
Affirmed.