WALTER E. HUMPHREY, JR. v. ROBERT HILL

No. 818SC221

(Filed 5 January 1982)

1. **Master and Servant § 8.1— employment contract—indefinite duration—failure of consideration**

    Defendant's motion for a directed verdict was properly granted where plaintiff alleged an employment contract with defendant in which defendant was to give plaintiff certain stock in his company in consideration for plaintiff's refusal to accept a tentative offer of employment elsewhere as: (1) the period of time for which plaintiff was to render services was too indefinite to create an enforceable contract, and (2) plaintiff did not provide sufficient consideration by waiving his right to pursue other employment.

2. **Rules of Civil Procedure § 50.3— failure to state specific grounds for directed verdict**

    There was no merit to plaintiff's contention that defendant failed to state the specific grounds for his motion for directed verdict as required by G.S. 1A-1, Rule 50(a), where defendant moved for a directed verdict on the ground that plaintiff's evidence failed to state a case for the jury. The motion obviously challenged the sufficiency of the evidence and created no misapprehension on the part of the judge or plaintiff.

APPEAL by plaintiff from *Small, Judge*. Judgment entered 30 October 1980 in Superior Court, LENOIR County. Heard in the Court of Appeals 12 October 1981.

The evidence showed that plaintiff, an accountant, worked with several corporations owned by defendant between July 1970 and March 1977. Working full time, he assisted defendant in the development of nursing homes and performed bookkeeping functions and was compensated therefor.

Plaintiff alleges that on 18 January 1975, he told defendant that he had a tentative offer of employment elsewhere in the nursing home industry, and were he to remain in defendant's employ, he would expect to be made a one-third shareholder in Neil Realty Company, the corporation to which he had devoted the greatest amount of professional time. He alleged that defendant accepted his proposal on 8 July of 1975, with delivery of the stock to take place upon the placing of certain loans.

The evidence further tended to show that the original understanding was abandoned and replaced with an agreement to the effect that defendant would merge his corporations and convey to plaintiff a value in the consolidated entity equal to one-third the fair market value of Neil Realty Company.

Finally, plaintiff's testimony indicates that a second substitute agreement was reached in April 1977, between plaintiff, defendant, and a third party, Gene Ormond. It was agreed that each would receive one-third of the stock of Hilco, one of defendant's corporations.

The proposed stock transfers were to be in consideration for plaintiff's continued services and forbearance of pursuing other business opportunities. Plaintiff appeals from a directed verdict in favor of defendant.

*Wallace, Langley, Barwick and Landis, by P. C. Barwick, Jr., and F. E. Wallace, Jr., for plaintiff appellant.*

*Johnson, Patterson, Dilthey and Clay, by Robert M. Clay and D. James Jones, Jr., for defendant appellee.*

MORRIS, Chief Judge.

[1] We first address the question whether an enforceable contract existed between plaintiff and defendant. Case law in this

State and other well-reasoned authority indicate that this particular agreement or agreements were terminable at will because not supported by consideration additional to services.

Personal service contracts are subject to restrictive rules of interpretation, requiring for their enforcement certainty as to the nature and extent of the services to be performed, the place where and the person to whom services are to be rendered, and the compensation to be paid. *Beal v. Supply Co.*, 36 N.C. App. 505, 244 S.E. 2d 463 (1978); *McMichael v. Motors, Inc.*, 14 N.C. App. 441, 188 S.E. 2d 721 (1972); *Croom v. Lumber Co.*, 182 N.C. 217, 108 S.E. 735 (1921). Defendant's brief raises the question of adequate specificity of terms, alleging that the time, manner and place of transfer of stock were unclear, and that plaintiff was only to continue working for defendant as he had before, for an indefinite period. The specifics of where and when the services were to be performed, the nature of the services and how compensation was to be made do not make the contract fail for lack of certainty, however. "In contracts for general employment . . . there is seldom any stipulation respecting any matters other than the period of the service and the remuneration to be made; the remainder of the terms are such as the law implies." 53 Am. Jur. 2d, Master and Servant, § 21.

The period of time for which plaintiff was to render services is too indefinite to create an enforceable contract, however. Plaintiff testified under cross examination that there was no explicit understanding with defendant as to how long plaintiff would continue in his previous employment role. He said:

> In exchange for the one-third interest I was to continue to perform my services as I had. I did not say how long I would continue to perform the services if he agreed. There was no limit on that. . . .
>
> . . . I believe it was understood based on our past experiences that if Mr. Hill accepted my proposal that I would work for the company for the rest of my life but we did not specify that I would work for the rest of my life for him.

Where a contract of employment does not fix a definite term, it is terminable at the will of either party. *Nantz v. Employment Security Comm.*, 290 N.C. 473, 226 S.E. 2d 340 (1976); *Tatum v. Brown*, 29 N.C. App. 504, 224 S.E. 2d 698 (1976).

The general rule is, that "permanent employment" means steady employment, a steady job, a position of some permanence, as contrasted with a temporary employment or a temporary job. Ordinarily, where there is no additional expression as to duration, a contract for permanent employment implies an indefinite general hiring, terminable at will. *McKelvy v. Oil Co.*, 52 Okla., 81, 152 P., 414. . . .

*Malever v. Kay Jewelry Co.*, 223 N.C. 148, 149, 25 S.E. 2d 436, 437 (1943). We have been reluctant, however, in the presence of some indication of duration or of good consideration in addition to the services contracted to be rendered, to hold a "permanent" employment contract unenforceable merely because it fails to specify a term of employment. *See Tuttle v. Kernersville Lumber Co.*, 263 N.C. 216, 139 S.E. 2d 249 (1964); *F. S. Royster Guano Co. v. Hall*, 68 F. 2d 533 (4th Cir. 1934), *Jones v. Carolina Power and Light Co.*, 206 N.C. 862, 175 S.E. 167 (1934); *Stevens v. Southern Railroad*, 187 N.C. 528, 122 S.E. 295 (1924); *Fisher v. John L. Roper Lumber Co.*, 183 N.C. 486, 111 S.E. 857 (1922).

What constitutes sufficient consideration to prevent a contract of permanent employment from being terminable at the will of the employer varies among jurisdictions. 53 Am. Jur. 2d, Master and Servant, § 33. We have said that "[w]here the employee gives some special consideration in addition to his services, such as relinquishing a claim for personal injuries against the employer, removing his residence from one place to another in order to accept employment, or assisting in breaking a strike, such a contract may be enforced." *Burkhimer v. Gealy*, 39 N.C. App. 450, 454, 250 S.E. 2d 678, 682 (1979), *cert. denied*, 297 N.C. 298, 254 S.E. 2d 918 (1979). Never, however, has it been held in this State that the giving up of a job, business, or profession constitutes sufficient consideration.

We disagree with plaintiff's argument that he provided consideration by waiving the right to pursue other employment. Though the giving up of present or future jobs may be a detriment to the employee, it is also an incident necessary to place him in a position to accept and perform the contract. The abandonment of other activities and interests is "a thing almost every desirable servant does upon entering a new service, but which, of course, cannot be regarded as constituting any additional con-

sideration to the master." *Minter v. Tootle, Campbell Drygoods Co.*, 187 Mo. App. 16, 28, 173 S.W. 4, 8 (1915). In *Malever v. Kay Jewelry Co.*, supra, the North Carolina Supreme Court rejected the plaintiff's argument that the inducement to give up his job in another town would be sufficient consideration to support the agreement for permanent employment. Failure to seek employment elsewhere in reliance on a promise of permanent employment is equally insufficient, in our view, to be consideration for lifetime employment. *Winand v. Case*, 154 F. Supp. 529 (D.C. Md. 1957). Plaintiff has furthermore presented no evidence that defendant's position would have been enhanced by plaintiff's continued employment, as would perhaps have been the case were he contemplating entering into competition with defendant. *See Fletcher v. Agar Mfg. Corp.*, 45 F. Supp. 650 (W.D. Mo. 1942).

Because the agreements in issue do not rise to the level of an enforceable contract, we do not reach the question whether this was a contract for the sale of securities, rendered unenforceable for lack of a writing by G.S. 25-8-319, the Statute of Frauds.

[2] Plaintiff asserts that defendant failed to state the specific grounds for the motion for directed verdict as required by G.S. 1A-1, Rule 50(a). We find no merit in this contention. Although the provision in Rule 50(a) that a motion for directed verdict shall state the specific grounds therefor is mandatory, "the courts need not inflexibly enforce the rule when the grounds for the motion are apparent to the court and the parties." *Anderson v. Butler*, 284 N.C. 723, 729, 202 S.E. 2d 585, 588 (1974). The record indicates that defendant's motion was made upon the ground that plaintiff's evidence failed to state a case for the jury. Therefore, "it is obvious that the motion challenged the sufficiency of the evidence to carry the case to the jury. There was no misapprehension on the part of the trial judge or the adverse parties as to the grounds for the motion." *Id.* at 729. Even were the grounds stated too generally, we note that plaintiff waived his objection to the motion by failing to object at trial to the failure of defendant to state specific grounds for the motion. *Johnson v. Dunlap*, 53 N.C. App. 312, 280 S.E. 2d 759 (1981); *Pergerson v. Williams*, 9 N.C. App. 512, 176 S.E. 2d 885 (1970).

We find, based on the above, that plaintiff's evidence, taken in the light most favorable to plaintiff, failed to establish a case for the jury and was properly dismissed pursuant to Rule 50.

---

---

The judgment rendered is

Affirmed.

Judges ARNOLD and BECTON concur.