BOBBY GENE McMURRY v. COCHRANE FURNITURE COMPANY

No. 9227SC59

(Filed 16 February 1993)

1. **Labor and Employment § 63 (NCI4th)— employment at will— termination—alleged bad faith promise to continue employment—no bad faith exception**

Defendant employer's behavior was not sufficient to rise to the level of a public policy violation, assuming that plaintiff's allegations are true, where plaintiff alleged that he had become concerned about his job security as a result of a company acquisition and consolidation, that he turned down an offer from another company upon an oral promise that he would have continued employment with defendant, and that he was subsequently discharged by defendant. Our courts have to date refused to recognize an independent "bad faith" exception to the employment at will doctrine; any allegations of bad faith must rise to the level of a public policy.

**Am Jur 2d, Master and Servant § 27.**

**Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.**

2. **Labor and Employment § 65 (NCI4th)— employment at will— termination—other employment refused—additional consideration exception—not applicable**

Plaintiff's failure to accept a tentative offer of employment elsewhere in return for defendant's gratuitous offer of continued employment for an indefinite period was not sufficient additional consideration to create an enforceable and binding contract and remove this case from the employment at will doctrine. While plaintiff may have received a contract for permanent employment, a contract for permanent employment implies an indefinite general hiring, terminable at will, where there is no additional expression as to duration. The employee must provide some additional consideration beyond the obligation to perform services to change the nature of such a contract.

**Am Jur 2d, Master and Servant § 33.**

## McMURRY v. COCHRANE FURNITURE CO.

[109 N.C. App. 52 (1993)]

Appeal by plaintiff from Order entered 31 October 1991 by Judge Thomas W. Seay, Jr. in Lincoln County Superior Court. Heard in the Court of Appeals 10 December 1992.

*Robert C. Powell for plaintiff-appellant.*

*Robinson, Bradshaw & Hinson, P.A., by D. Blaine Sanders, for defendant-appellee.*

WYNN, Judge.

This appeal arises out of an action seeking compensatory damages for wrongful discharge and breach of an employment contract. Plaintiff was employed at Trendline Furniture Company (Trendline) as a traffic manager for their truck fleet. Defendant Cochrane Furniture Company, Inc. (Cochrane) acquired Trendline on 13 October 1989. On 1 January 1990, Cochrane consolidated their own truck fleet with that of Trendline. Plaintiff apparently became concerned about his job security as a result of the consolidation and looked for other employment in anticipation of being discharged by Cochrane. Plaintiff allegedly was offered employment with Pem-Kay Furniture Company (Pem-Kay) as a traffic manager in March of 1990. He contends that he turned down the offer with Pem-Kay based on an oral promise from defendant that he would have continued employment with Cochrane. Plaintiff was discharged from employment by defendant on 18 May 1990 and thereafter, filed a suit alleging wrongful discharge and breach of an employment contract based on the alleged oral promise. Defendant answered and moved for summary judgment. The trial court granted defendant's motion based upon a finding that the plaintiff "at most, [had] an employment agreement for an indefinite term and that his foregoing another job offer [did] not come within the public policy or special consideration exceptions to the employment at will doctrine." Plaintiff appealed.

---

By plaintiff-appellant's sole assignment of error, he contends that the trial court erred in granting the defendant's motion for summary judgment.

On a motion for summary judgment, the movant must show that based upon the pleadings, discovery documents and affidavits, there are no genuine issues of triable fact and that he is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule

56; *Bolick v. Townsend Co.*, 94 N.C. App. 650, 381 S.E.2d 175, *disc. rev. denied*, 325 N.C. 545, 385 S.E.2d 495 (1989). All evidence is viewed in the light most favorable to the non-movant. *McLaughlin v. Barclays American Corp.*, 95 N.C. App. 301, 304, 382 S.E.2d 836, 838, *cert. denied*, 325 N.C. 546, 385 S.E.2d 498 (1989). The issue before us then is whether the evidence taken in a light most favorable to Mr. McMurry was sufficient to establish any genuine issue of material fact. We hold that, as a matter of law, it was not.

Defendant contends that the plaintiff at most had an employment contract for an indefinite term and thus was terminable at will. Plaintiff argues however, that he falls within two exceptions to the terminable at will doctrine: 1) the public policy exception; and 2) the additional consideration exception.

[1] The well-settled rule in this state is that "in the absence of an employment contract for a definite period, both employer and employee are generally free to terminate their association at any time and without any reason," *Salt v. Applied Analytical, Inc.*, 104 N.C. App. 652, 655, 412 S.E.2d 97, 99 (1991), *disc. rev. denied*, 331 N.C. 119, 415 S.E.2d 200 (1992) (citing *Still v. Lance*, 279 N.C. 254, 182 S.E.2d 403 (1971) ), or for an irrational or arbitrary reason. *Id.; Coman v. Thomas Mfg. Co., Inc.*, 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989). The burden to establish the specific duration of the employment contract lies with the employee. *Rosby v. General Baptist State Convention*, 91 N.C. App. 77, 80, 370 S.E.2d 605, 608, *disc. rev. denied*, 323 N.C. 626, 374 S.E.2d 590 (1988) (citing *Freeman v. Hardee's Food Systems, Inc.*, 3 N.C. App. 435, 165 S.E.2d 39 (1969) ).

This general rule has become subject to two specific and strictly defined exceptions. Our Supreme Court, in *Coman*, carved out a public policy exception to the employment at will doctrine for employees who have been wrongfully discharged for an unlawful reason or for a reason which offends the public good. 325 N.C. 172, 381 S.E.2d 445. In *Coman*, plaintiff's employer wanted him to operate a truck in violation of federal law and falsify federally required records. Upon finding these actions offensive to the public policy of North Carolina, the Court stated, "there can be no right to terminate [a contract at-will] for an unlawful reason or purpose that contravenes public policy." *Id.* at 175, 381 S.E.2d at 447 (quoting *Sides v. Duke University*, 74 N.C. App. 331, 342, 328 S.E.2d 818, 826, *disc. rev. denied*, 314 N.C. 331, 333 S.E.2d 490 (1985) ). Public

## McMURRY v. COCHRANE FURNITURE CO.

[109 N.C. App. 52 (1993)]

policy was defined as "the principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good." *Id.* at 175 n.2, 381 S.E.2d at 447 n.2 (citation omitted). In *Sides*, this Court reinstated a wrongful discharge claim based on allegations that the plaintiff was discharged from her employment for her refusal to testify untruthfully or incompletely in a court action against her employer. Both *Coman* and *Sides* involved allegations that the employer affirmatively instructed the employee to violate the law. In both cases, our courts focused on the unlawful nature of the instructions and the potential harm to the public if those instructions were followed. This case does not present the same type of public policy implications.

Plaintiff's allegations of a public policy violation in the subject case are essentially based on the premise that Cochrane made a promise in bad faith to continue plaintiff's employment, in order to comply with federal plant closing regulations. To date, our courts have refused to recognize an independent "bad-faith" exception to the employment at will doctrine. *Salt*, 104 N.C. App. at 662, 412 S.E.2d at 103; *see also Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 416 S.E.2d 166 (1992); *Thompkins v. Allen*, 107 N.C. App. 620, 421 S.E.2d 176 (1992); *Howell v. Town of Carolina Beach*, 106 N.C. App. 410, 417 S.E.2d 277 (1992). Rather, any allegations of bad faith must rise to the level of a public policy violation. *See Thompkins*, 107 N.C. App. 620, 421 S.E.2d 176 (where plaintiff's employer altered inventory records and then used those records to discharge plaintiff, this Court held that while the evidence tended to show bad faith, not to be condoned, such behavior did not rise to the level of a public policy concern). Plaintiff does not allege that he was instructed to perform any unlawful activity or that any unlawful activity occurred, but rather, that defendant's behavior constituted bad faith. Assuming *arguendo* that plaintiff's allegations are true, that he was retained by defendant in an effort to avoid violation of federal plant closing regulations, and that this behavior constituted bad faith, we do not find defendant's behavior sufficient to rise to the level of a public policy violation.

[2] Plaintiff contends that even if his case does not fall within the public policy exception to the employment at will doctrine, it does meet the requirements of the "additional consideration" exception. He argues specifically, that his act of turning down the offer of employment from Pem-Kay based on defendant's promise of continued employment, constituted special consideration in

addition to the usual obligation of service and thereby created a binding contract of employment.

The "additional consideration" exception to the employment at-will doctrine was established by this Court in *Sides v. Duke University*, 74 N.C. App. 331, 328 S.E.2d 818. The plaintiff in *Sides* moved from Michigan to Durham based on assurances from Duke that she could be discharged only for "incompetence." In recognizing the exception, this Court stated:

> Generally, employment contracts that attempt to provide for permanent employment, or "employment for life," are terminable at will by either party. Where the employee gives some special consideration in addition to his services, such as relinquishing a claim for personal injuries against the employer, removing his residence from one place to another in order to accept employment, or assisting in breaking a strike, such a contract may be enforced.

*Id.* at 345, 328 S.E.2d at 828 (quoting *Burkhimer v. Gealy*, 39 N.C. App. 450, 454, 250 S.E.2d 678, 682, *disc. rev. denied*, 297 N.C. 298, 254 S.E.2d 918 (1979)). The Court went on to hold that the plaintiff's move from Michigan was sufficient additional consideration to establish a binding employment contract under which she could not be discharged for reasons other than unsatisfactory performance. However, subsequent cases have narrowly construed the additional consideration exception and found that moving from one town to another is not always sufficient to constitute additional consideration. *See Salt*, 104 N.C. App. 652, 412 S.E.2d 97 (no additional consideration where plaintiff failed to show that her move from Greenville to accept employment by defendant in Wilmington was induced by assurances concerning the duration of her employment or discharge policies of defendant employer). *See also Buffaloe v. United Carolina Bank*, 89 N.C. App. 693, 366 S.E.2d 918 (1988) (Plaintiff's move from Charlotte to Lumberton for a promotion based on defendant employer's promise that employee would be fired only for "illegal, immoral or unethical conduct" did not create a binding contract because employer's promise was nothing more than gratuitous).

Thus, while plaintiff may have received a contract for permanent employment, where there is no "additional expression as to duration, a contract for permanent employment implies an indefinite general hiring, terminable at will." *Humphrey v. Hill*, 55 N.C. App.

McMURRY v. COCHRANE FURNITURE CO.

[109 N.C. App. 52 (1993)]

359, 362, 285 S.E.2d 293, 295 (1982) (quoting *Malever v. Kay Jewelry Co.*, 223 N.C. 148, 149, 25 S.E.2d 436, 437 (1943)). To change the nature of such a contract, the employee must provide some additional consideration beyond the obligation to perform services. *Tuttle v. Kernersville Lumber Co.*, 263 N.C. 216, 219, 139 S.E.2d 249, 251 (1964). Our courts have not to date recognized the failure to accept a tentative offer of alternative employment as sufficient additional consideration to create a binding contract. With regard to this specific situation, this Court has previously stated, and we agree that:

> [t]hough the giving up of present or future jobs may be a detriment to the employee, it is also an incident necessary to place him in a position to accept and perform the contract. The abandonment of other activities and interest is "a thing almost every desirable servant does upon entering a new service, but which, of course, cannot be regarded as constituting any additional consideration to the master."

*Humphrey*, 55 N.C. App. at 362-63, 285 S.E.2d at 296 (plaintiff's failure to accept a tentative offer of employment elsewhere based on employer's promise of continued employment was insufficient to create an enforceable contract, where the period of time for continued employment was too indefinite and the plaintiff's waiver of his right to pursue other employment did not constitute sufficient consideration). *See also Tuttle*, 263 N.C. 216, 139 S.E.2d 249 (rejecting employee's contention that contract was for life).

In the subject case, plaintiff contends that upon seeking assurances of job security, he was told by a supervisor with defendant's company that he would have a job with defendant for "as long as [he] want[ed] it and as long as [his] job performance [was] adequate." Plaintiff admits however that he was not given a specific date of termination, but "assumed" that he could work for defendant "indefinitely."

These assurances may provide an offer for permanent employment, but provide no specific terms or conditions. As in *Buffaloe*, this defendant provided nothing more than a gratuitous promise of continued employment. Moreover, as in *Salt*, plaintiff can show no more than an offer of employment for an undetermined time. Plaintiff's failure to accept a tentative offer of employment elsewhere in return for defendant's gratuitous offer of continued employment for an indefinite period was therefore not sufficient additional con-

IN RE WILL OF PRINCE

[109 N.C. App. 58 (1993)]

sideration to create an enforceable and binding contract and remove this case from the employment at will doctrine.

The trial court's order of dismissal is therefore

Affirmed.

Judges Cozort and Greene concur.