655 F.2d 142
 Walter R. OTTEN, Appellant,
v.
John SCHICKER; Suzanne Hart; James Crowe; James Conway as
the Board of Police Commissioners of the City of
St. Louis; Eugene J. Camp, Chief of
Police, City of St. Louis, Appellees.
 No. 80-1710.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 17, 1981.
Decided July 27, 1981.
 
 Stephen Gilmore, Mark H. Neill (argued), St. Louis, Mo., Robert H. Dierker, Jr., Asst. City Counselor, St. Louis, Mo., for appellees.
 London, Greenberg & Fleming, Lawrence J. Fleming (argued), St. Louis, Mo., for appellant.
 Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 This is an appeal from an order of the United States District Court for the Eastern District of Missouri upholding a St. Louis Police Department regulation that prohibits employees of the Department from running for elective public office. We affirm the judgment of the district court, 492 F.Supp. 455.
 
 
 2
 * On April 21, 1980, Walter Otten, a commissioned member of the St. Louis Police Department assigned to the Ninth Police District, filed for nomination on the Democratic ticket for the office of Missouri State Senator in the Third Senatorial District. A portion of the political district extends into the Ninth Police District.
 
 
 3
 On May 12, 1980, Otten was temporarily suspended from the Department without pay for violating the Department's Manual Rule 7.010A. That Rule prohibits members of the Department from, inter alia, "becoming a candidate for, or campaigning for, an elective public office." Otten was called to appear before the Department's Suspension Advisory Board the next day and address the charge alleged against him. After the hearing, the Board recommended to the Chief of Police that Otten be suspended without pay. The Chief thereupon suspended Officer Otten.
 
 
 4
 On May 20, 1980, Otten filed a complaint in federal district court seeking injunctive, declaratory and monetary relief. Three days later, the Department's Board of Police Commissioners conducted an administrative hearing and reviewed the Chief's dismissal. The district court conducted its own hearing on Otten's motion for preliminary injunctive relief on June 5, 1980. The trial court issued its memorandum opinion and order on July 2, 1980, denying the motion. Otten appeals from the district court's July 2, 1980, order.[1]
 
 
 5
 Two months after Otten had filed his notice of appeal to this Court, on October 3, 1980, the Board of Police Commissioners issued its final order. The Board lifted Otten's suspension, demoted him to the rank of probationary police officer for not less than a year and ordered that he forfeit his salary and other benefits during the period of his suspension.[2]
 
 
 6
 On appeal, Otten challenges the constitutionality of the Department's Rule 7.010A on the grounds that: (1) it impermissibly infringes his First Amendment rights; (2) it is vague and overbroad; and (3) it violates his equal protection rights.II
 
 
 7
 We cannot agree that the Department Rule challenged here violates Officer Otten's First Amendment rights of free speech and association. The Supreme Court has held that "(n)either the right to associate nor the right to participate in political activities is absolute in any event." United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers, 413 U.S. 548, 567, 93 S.Ct. 2880, 2891, 37 L.Ed.2d 796 (1973); see Dunn v. Blumstein, 405 U.S. 330, 336, 92 S.Ct. 995, 999, 31 L.Ed.2d 274 (1972). In Letter Carriers, the Court reaffirmed its holding in United Public Workers of America v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947), that Congress has the power to prohibit certain classified federal employees from holding a party office or working at the polls. The Court opined that "(a)n Act of Congress going no farther would in our view unquestionably be valid. So would it be if, in plain and understandable language, the statute forbade activities such as * * * becoming a partisan candidate for, or campaigning for, an elective public office * * *." United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers, supra, 413 U.S. at 556, 93 S.Ct. at 2886. The Court concluded that "neither the First Amendment nor any other provision of the Constitution invalidates a law barring this kind of partisan political conduct by federal employees." Id.
 
 
 8
 In a companion case decided the same day, Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), the Court held that a state can restrict the political activities of its classified civil servants much in the same way that the Hatch Act proscribes partisan political activities of federal employees. The state statute sustained in Broadrick prohibited, inter alia, employees in the classified service from becoming "candidate(s) for nomination or election to any paid public office." Broadrick v. Oklahoma, supra, 413 U.S. at 606, 93 S.Ct. at 2912. It follows, without serious dispute, that the St. Louis Police Department has a similar power to place evenhanded restrictions on the partisan political conduct of its employees. See, e. g., Muller v. Conlisk, 429 F.2d 901 (7th Cir. 1970); Gray v. City of Toledo, 323 F.Supp. 1281 (N.D.Ohio 1971); cf. Pickering v. Board of Educ., 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) (school board policy); Wisconsin State Employees Ass'n v. Wisconsin Nat. Res. Bd., 298 F.Supp. 339 (W.D.Wis.1969) (Board of Natural Resources policy).
 
 
 9
 The Department may determine that political restrictions of the kind involved in this case serve several valid and important state interests, including attracting qualified persons through guaranteeing job security free from the political arena, and ensuring the impartial execution of the laws. United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers, supra, 413 U.S. at 565, 93 S.Ct. at 2890.
 
 
 10
 The Department's ban on certain political activities is not directed at any particular parties or any specific political points of view. The Rule at issue here has not been applied discriminatorily on the basis of race, color or creed. The Rule applies equally to all partisan activities of the type described. The Rule does not control any of the employee's personal political beliefs; nor does it restrict their right to voice such. Neither does it infringe the officers' rights or abilities to effectuate those beliefs at the polls.[3] Moreover, the President of the St. Louis Metropolitan Police Board unequivocally testified that Otten would have been granted a leave of absence to run for state senator had he only requested such.
 
 
 11
 In United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers, supra, the Court reasoned thatthe government has an interest in regulating the conduct and "the speech of its employees that differ(s) significantly from those it possesses in connection with regulation of the speech of the citizenry in general. The problem in any case is to arrive at a balance between the interests of the (employee), as a citizen, in commenting upon matters of public concern and the interest of the (government), as an employer, in promoting the efficiency of the public services it performs through its employees."
 
 
 12
 United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers, supra, 413 U.S. at 564, 93 S.Ct. at 2890 (quoting Pickering v. Board of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968)).
 
 
 13
 Here, the Department has sought to strike a balance favorable to both itself and its employees. While it is free to formulate a Rule more favorable to the members of the Force, we feel that the present Rule is sustainable by the important governmental interests that the Department has found it serves. Accordingly, we determine that the Department Rule which forbade Officer Otten from running for State Senator did not unconstitutionally infringe his First Amendment rights.[4]
 
 III
 
 14
 Appellant Otten argues alternatively that Rule 7.010A is vague and overbroad and may not be enforced consistent with the United States Constitution. We disagree. First, there is nothing vague about the Rule. It explicitly states which types of political activity are permissible, and which are not. It cannot be seriously argued that "men of common intelligence must necessarily guess at its meaning." Broadrick v. Oklahoma, supra, 413 U.S. at 607, 93 S.Ct. at 2913 (quoting Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926)); see Grayned v. City of Rockford, 408 U.S. 104, 108-114, 92 S.Ct. 2294, 2298, 2302, 33 L.Ed.2d 222 (1972).
 
 
 15
 Regarding Rule 7.010A, we recognize that "there are limitations in the English language with respect to being both specific and manageably brief, and * * * although the prohibitions may not satisfy those intent on finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers, supra, 413 U.S. at 578-579, 93 S.Ct. at 2897.
 
 
 16
 What is more significant is the fact that the Rule, in the plainest terms, prohibits "becoming a candidate for, or campaigning for, an elective public office." Otten's actions fall squarely within this proscription. Officer Otten knew what the Rule forbade and also knew that he was violating the Rule when he filed for State Senator on the Democratic ticket. See Broadrick v. Oklahoma, supra, 413 U.S. at 608, 93 S.Ct. at 2913. Accordingly, we reject the appellant's contention that the Rule is vague.
 
 
 17
 Second, judged under the appropriate standard, we conclude that Otten's overbreadth argument must, likewise, fail. The Supreme Court has cautioned that facial overbreadth adjudication is an exception to the traditional rule of federal court practice. The Court has indicated that where a governmental authority proscribes certain types of conduct, and not "pure speech," its regulation will not be struck down as facially unconstitutional unless it is "substantially" overbroad. In Broadrick, the Court stated, "where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." 413 U.S. at 615, 93 S.Ct. at 2917. We conclude that Rule 7.010A is not substantially overbroad and that analysis of its potential overbreadth in other factual contexts on a case by case basis is the more appropriate method of dealing with its hypothetical infirmities. See Broadrick v. Oklahoma, supra, 413 U.S. at 615-616, 93 S.Ct. at 2917-2918.
 
 IV
 
 18
 Otten also asserts that Rule 7.010A infringes his constitutional right to equal protection under the law. The sum and substance of the appellant's equal protection claim is that since the Department's Rule applies only to employees of the St. Louis Police Department, and not other of the City's public officials, it cannot be enforced consistent with the Fourteenth Amendment of the United States Constitution. We disagree.
 
 
 19
 The Missouri legislature has authorized the St. Louis Board of Police Commissioners to adopt and enforce rules and regulations governing the appointment, employment, uniforming, discipline, trial and government of its police force. Mo.Ann.Stat. § 84.170 (Vernon). Rule 7.010A is reasonably related to that legislative grant of power. We can find no authority in law or logic that would empower the St. Louis Board of Police Commissioners to enforce its intra-Departmental Rules against persons not employed by the St. Louis Police Department. It seems to us only reasonable that the Board apply its Rule solely against members of the Department. Moreover, on the basis of the record before us, it appears that the Department has enforced the Rule against all members of the St. Louis Police Force in an evenhanded manner. All members of the Force are equally forbidden to run for partisan political office.[5]
 
 
 20
 We determine that the district court correctly ruled in denying the appellant's motion for a preliminary injunction. The judgment of the district court is affirmed.
 
 
 
 [1]
 The district court also granted the City of St. Louis' motion to dismiss. No appeal was taken from that order
 
 
 [2]
 While the Board's ultimate punishment appears harsh in Otten's case, we have not been called upon to specifically review it
 
 
 [3]
 Rule 7.010A also provides that members of the Department may "take an active part as an independent candidate * * * in a partisan election provided that before taking any such part as aforesaid the member shall resign his position in the Department or, with the consent of the Board of Police Commissioners in its sole discretion, take a leave of absence as to the position." We do not pass on the validity of this exception and no argument is made that the Rule as a whole is invalid because of this exception
 
 
 [4]
 We agree with the district court that United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers, 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973), and Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), compel the rejection of Otten's contention that the challenged Rule impermissibly affects the free elective process
 
 
 [5]
 We note also that St. Louis Police Officers are not the only police officers subject to this general prohibition. See Mo.Ann.Stat. § 84.830 (Vernon) (Kansas City Police Officers); Mo.Ann.Stat. § 43.060 (Vernon Supp.1981) (Mo. State Highway Patrol)
 Appellant's assertion that Rule 7.010A is inconsistent with state law is wholly irrelevant to his present § 1983 claim. Accordingly, we need not and do not reach those issues.