STATE ex inf. Jeffrey S. GAVIN, Assistant Prosecuting Attorney, Butler County, Missouri, Respondent,

v.

William P. GILL, Jr., Appellant.

No. 65944.

Supreme Court of Missouri, En Banc.

April 2, 1985.

As Modified April 30, 1985.

Rehearing Denied April 30, 1985.

**371**

John Welch, G.H. Terando, Poplar Bluff, for appellant.

Mark A. Kennedy, Pros. Atty., Poplar Bluff, for respondent.

BLACKMAR, Judge.

The appellant is a firefighter employed by the City of Poplar Bluff. On April 5, 1983 he was elected a district director of Butler County Fire Protection District. Compensation is limited by § 321.190, RSMo 1978,[1] to an attendance fee not to exceed $30 per meeting. He was ousted of this office by the Circuit Court of Butler County, in an action of quo warranto filed by the prosecuting attorney, pursuant to the following statute:

No person holding any lucrative office or employment under this state, or any political subdivision thereof as defined in section 70.120, RSMo, shall hold the office of fire protection district director under this chapter. When any fire protection district director accepts any office or employment under this state or any political subdivision thereof, his office shall thereby be vacated and he shall thereafter perform no duty and receive no salary or expenses as fire protection district director. This section shall not apply to members of the organized militia, of the reserve corps, public school employees and notaries public. The term 'lucrative office or employment' does not include receiving retirement benefits for service rendered to a fire protection district, the state or any political subdivision thereof.

He appeals to this Court arguing, initially, that the City of Poplar Bluff is not a "political subdivision" of the state. He then argues that, if the statute applies to the City of Poplar Bluff, it violates the First Amendment to the Constitution of the United States and the Equal Protection Clause of the Fourteenth Amendment. We have jurisdiction because of the alternate contentions bringing the validity of the statute into question. *State ex rel. Union Electric Company v. Public Service Commission of the State of Missouri, et al.,* 687 S.W.2d 162 (Mo. banc 1985).

█ The appellant's first point is easily answered. Section 321.015 explicitly refers to § 70.120, which defines political subdivision as follows:

\* \* \* \* \* \*

'Political Subdivision' shall mean any agency or unit of this state which now is, or hereafter shall be, authorized to levy taxes or empowered to cause taxes to be levied;

\* \* \* \* \* \*

We take judicial notice that the City of Poplar Bluff, a third class city with an optional council manager government, is authorized to levy taxes.

█ We also find that the restrictions on the appellant's right to hold public office, so long as he remains in his firefighter position, are valid. The First Amendment protects the right to participate in political activity and to seek and hold public office, but political involvements of public employees may be restricted if a sufficient public interest is shown. *United Public Workers of America v. Mitchell,* 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947); *Pollard v. Bd. of Police Commissioners,* 665 S.W.2d 333 (Mo. banc 1984). In determining the sufficiency of the public interest we should first scrutinize the statute in context. In some cases evidence may be necessary or helpful (*cf. Pollard, supra*), but this is not necessary if the public interest is apparent from the face of the statute. The Attorney

1. Section 321.015, RSMo 1978 was amended effective August 13, 1984 to exclude fire protection districts in second, third and fourth class counties. Counsel did not call this amendment to our attention. Appellant was elected to office April 5, 1983. Ouster, in an action of quo warranto, occurred April 4, 1984. Because ouster occurred prior to the statutory amendment, the

Circuit Court was correct in its ruling. The general rule is that an officer must be qualified to hold office on the day his duties begin. Removal of a disqualification after duties have commenced does not entitle a person to remain in office. *State v. Gray,* 360 S.W.2d 642 (Mo. 1962), 67 C.J.S., Officers, § 45.

General is a proper party to assert the public interest when a statute is challenged as unconstitutional, but is not a necessary party. Mo.S.Ct.Rule 52.12(b). We also must make a strong effort to sustain a statute when its constitutionality is challenged. When appropriate public interest is shown, judgments of wisdom and necessity are for the legislature alone.

Public bodies have an important interest in securing the absolute loyalty of their employees. Different governmental units frequently interrelate. *See* Missouri Constitution, Art. VI, sec. 16; § 70.220, RSMo 1978. The Legislature well might conclude that an employee of one governmental unit should not be eligible to serve as a member of the governing board of another. Given this conclusion, there is no less restrictive alternative. In the appellant's situation the possibility of conflict is clear. He might be reluctant to approve as director a contract or agreement which would affect his duties as firefighter. If it need be shown that the public interest is compelling, we conclude that the test has been met.

■ The equal protection argument likewise fails. The exemptions refer to types of employment which are customarily part time, except for the exemption of "public school employees." The legislature might appropriately conclude that public school employees are isolated from the normal course of political activity so that the possibility of conflict is minimal. A person in the position of the appellant is not normally permitted to assert unconstitutionality simply because others are exempted from a statutory disability which applies to him. *See Otten v. Schicker*, 655 F.2d 142, 146 (8th Cir.1981), *affirming* 492 F.Supp. 455, 459 (E.D.Mo.1980), which holds that a police officer is not denied equal protection simply because restrictions on his political activities are not likewise imposed on firefighters.

The judgment is affirmed.

RENDLEN, C.J., and WELLIVER, HIGGINS, GUNN and BILLINGS, JJ., concur.

DONNELLY, J., dissents in separate opinion filed.

DONNELLY, Judge, dissenting.

In *Anderson v. Celebrezze*, 460 U.S. 780, 789–90, 103 S.Ct. 1564, 1570, 75 L.Ed.2d 547 (1983) the United States Supreme Court declared that "[c]onstitutional challenges to specific provisions of a State's election laws * * * cannot be resolved by any 'litmus-paper test' that will separate valid from invalid restrictions. * * * Instead, a court must resolve such a challenge by an analytical process that parallels its work in ordinary litigation. It must first consider the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate. It then must identify and evaluate the precise interests *put forward by the State* as justifications for the burden imposed by its rule. In passing judgment, the Court must not only determine the legitimacy and strength of each of those interests; it also must consider the extent to which those interests make it necessary to burden the plaintiff's rights. Only after weighing all these factors is the reviewing court in a position to decide whether the challenged provision is unconstitutional. * * *." (Emphasis added.) *See Clements v. Fashing*, 457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982); *Storer v. Brown*, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974); *San Antonio School Dist. v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); *Bullock v. Carter*, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972); and *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

In this case, the State has not articulated the precise interests asserted as justifications for the burden imposed by § 321.015. There is no record from which we can identify and evaluate them. And, to borrow from Mr. Justice Brennan: "There is no legislative history to explain its intended purpose * * *." 457 U.S. at 980, 102 S.Ct. at 2852 (Brennan, J., dissenting).

In such a situation, what are we to do? Should *the trial court and/or this Court*

*put forward* possible state interests and then evaluate them? I think not. Surely such action would be a distortion of the judicial process. I would decline to rule the constitutional issue presented on this appeal.

Until the General Assembly addresses the problem, I would look to the Attorney General to put forward the State interests in cases where the analysis articulated in *Shapiro* and its progeny is mandated. He is authorized to "appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved." § 27.060, RSMo 1978. And if a "statute * * * is alleged to be unconstitutional * * * *" in a declaratory judgment proceeding, he is "entitled to be heard." § 527.110, RSMo 1978. *See Land Clearance for Redevelopment Authority of City of St. Louis v. City of St. Louis,* 270 S.W.2d 58, 63 (Mo. banc 1954). He should be made a party in this cause for the purpose of defending § 321.015 from constitutional challenge.

I would reverse the judgment and remand the cause for new trial.

I respectfully dissent.