Dear Representative McCracken:
This opinion letter is in response to your question asking:
 Is an elected director of a Fire Protection District, as defined in Section 321.010, RSMo 1986 and contained wholly in a first class county, in violation of Section 321.015, RSMo 1986 if the director is an employee of a municipality or state department, even if the individual was an employee of the municipality or state department before being elected to the board of the Fire Protection District, and the election was by a majority of the qualified voters with public knowledge of the individual's employment before the election?
The information you included with your opinion request indicates you are concerned about two possible situations. One situation involves a director of a fire protection district who is employed by the Missouri State Highway and Transportation Department. The second situation involves a director who is employed by a city. Each was so employed prior to being elected director of the fire protection district. The fire protection district about which you are concerned is located in a first class county.
Section 321.015, RSMo 1986, provides:
 321.015. District director not to hold other office or employment — office to be vacated, when — exceptions. — No person holding any lucrative office or employment under this state, or any political subdivision thereof as defined in section 70.120, RSMo, shall hold the office of fire protection district director under this chapter. When any fire protection district director accepts any office or employment under this state or any political subdivision thereof, his office shall thereby be vacated and he shall thereafter perform no duty and receive no salary or expenses as fire protection district director. This section shall not apply to members of the organized militia, of the reserve corps, public school employees and notaries public, or to fire protection districts located wholly within counties of the second, third or fourth class. The term "lucrative office or employment" does not include receiving retirement benefits for service rendered to a fire protection district, the state or any political subdivision thereof.
We assume that both individuals receive monetary compensation in their respective employment, thereby holding "lucrative office or employment" within the terms of the statute. The director who is employed by the Missouri State Highway and Transportation Department is employed by the state. The director who is employed by a city is employed by a "political subdivision" as that term is defined in Section70.120, RSMo 1986. See State ex inf. Gavin v. Gill,688 S.W.2d 370 (Mo. banc 1985). Therefore, Section 321.015
prohibits each from holding the office of fire protection district director.
You also state that each was elected by a majority of qualified voters and that these voters had full knowledge of the nature of the candidate's employment at the time of the election. We find no authority for the proposition that public knowledge of a candidate's employment, or the election itself, in any way creates an exception to the provisions of Section321.015.
It is the opinion of this office that Section 321.015, RSMo 1986, prohibits each of the directors about which you are concerned from holding the office of fire protection district director.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General