946 F.2d 885
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mitchell B. JENKINS, Plaintiff-Appellant,
v.
TOWN OF BRYSON CITY, a North Carolina Municipal Corporation,
P.R. Bennett, Jr., Mayor of the Town of Bryson City, in his
official capacity and in personal capacity, Jack B. Hardin,
Samuel H. Lee, James O. Queen, Joe Sawyer, members of the
Board of Aldermen of the Town of Bryson City, each both in
his official capacity and in his personal capacity, Carl H.
Arvey, Chief of Police of the Town of Bryson City, in his
official capacity and in his personal capacity, Defendants-Appellees.
 No. 91-1054.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 11, 1991.
Decided Oct. 11, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, Chief District Judge. (CA-90-35-B-C)
 Charles R. Brewer, Asheville, N.C., for appellant.
 James R. Morgan, Jr., Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., Fred H. Moody, Jr., McKeever, Edwards, Davis & Hays, Bryson City, N.C., for appellees.
 W.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Mitchell Jenkins appeals from the district court's order granting the defendants' motion for summary judgment and dismissing his action. Jenkins is a former police officer for the Town of Bryson City, North Carolina. He was terminated by the town when he filed to run for the Democratic nomination for Sheriff of Swain County, North Carolina. He alleged that the town terminated his employment in violation of his rights under the First Amendment and the Due Process Clause of the Fourteenth Amendment. Jenkins sought injunctive relief, damages, and a declaratory judgment of the efficacy of an amendment made to the department regulations in November 1989. A magistrate judge recommended that the defendants' motion for summary judgment be granted and the district court adopted the magistrate judge's recommendation. We affirm the district court's order.
 
 
 2
 We review the district court's grant of a motion for summary judgment de novo. Higgins v. E.I. DuPont De Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988). The district court took the facts alleged by Jenkins as being true for the purpose of ruling on the summary judgment motion, as we shall. See Bishop v. Wood, 426 U.S. 341, 347 (1976).
 
 
 3
 Mitchell alleged that before accepting the job of patrolman for the Town of Bryson City, he told the chief of police and the mayor that he was planning on running for sheriff and that he did not want to accept the police department position if his candidacy for sheriff would cause a problem. He alleged that the chief and the mayor both told him on more than one occasion that his candidacy would not interfere with his police duties. Jenkins knew prior to accepting employment at the police department that the department's regulations prohibited a police officer from engaging in political activities which may interfere with his position. Jenkins alleged that he was told that his candidacy would not violate this regulation.
 
 
 4
 Jenkins worked at the police department without incident for about a year and then filed for the sheriff's race. Upon his filing, the police chief and the mayor told him that he would have to resign or he would be terminated because the police department regulations forbade an officer from being a candidate for elected office.* Jenkins refused to resign and he was terminated.
 
 
 5
 We agree with the district court that Jenkins's First Amendment rights were not violated by his termination. Jenkins concedes that there is authority for the proposition that the First Amendment is not violated by enforcement of a police department regulation prohibiting employees from seeking elective public office. Otten v. Schicker, 655 F.2d 142 (8th Cir.1981). See United States v. Civil Serv. Comm'n v. National Ass'n of Letter Carriers, 413 U.S. 548 (1973); Broadrick v. Oklahoma, 413 U.S. 601 (1973). Other circuits have interpreted Letter Carriers and Broadrick consistently with Otten to hold that state and city governments may constitutionally dismiss their employees for becoming actively engaged in partisan political campaigns. McCormick v. Edwards, 646 F.2d 173 (5th Cir.), cert. denied, 454 U.S. 1017 (1981); Magill v. Lynch, 560 F.2d 22 (1st Cir.1977), cert. denied, 434 U.S. 1063 (1978). As justification for this regulation, the Town of Bryson City may wish to keep their jobs free from the insecurity of the political process and ensure that the laws are evenhandedly enforced. See Otten, 655 F.2d at 144.
 
 
 6
 Jenkins contends, however, that the oral assurances given to him by the mayor and chief of police show their evil motives in requiring him to resign or be fired and that his termination resulted in a First Amendment violation. The Otten court faced essentially the same question presented by this case absent the oral assurances given by the mayor and the chief of police. Jenkins fails to cite any authority for his argument that the alleged evil motives of the defendants alter the First Amendment analysis.
 
 
 7
 We find that because the regulation at issue applied not only to Jenkins but to all police officers employed by the Bryson City Police Department and because it is not challenged as being discriminatory based on invidious grounds such as race, religion, or sex, the alleged illegal motives of those who enacted the regulation do not alone result in a First Amendment violation. See Fraternal Order of Police Lodge No. 121, Inc. v. City of Hobart, 864 F.2d 551 (7th Cir.1988).
 
 
 8
 We also reject Jenkins's overbreadth contention. In order for the amendment to violate the First Amendment it must be substantially overbroad. See Broadrick, 413 U.S. at 615. The conduct prohibited by the regulation is the same as that prohibited by the regulation at issue in Otten. We agree with the Otten court that the prohibition is not overly broad as applied and that any hypothetical overbreadth argument must await a factual situation which presents for review the particular application. See Broadrick, 413 U.S. at 615-16; Otten, 655 F.2d at 145-46. Moreover, Jenkins had a duty to present the possible applications under which the regulation would be unconstitutional, but he failed to do so. See Magill, 560 F.2d at 30.
 
 
 9
 Jenkins also argues that he acquired a property interest protected by the Due Process Clause in his continued employment. North Carolina law controls this question. Bishop v. Wood, 426 U.S. at 344. North Carolina is an employment-at-will state and the exceptions to the doctrine are few. See Guy v. Travenol Laboratories, Inc., 812 F.2d 911, 913 (4th Cir.1987). Under most circumstances, an employee without a definite term of employment is an employee at will and may be discharged without reason. Coman v. Thomas Mfg. Co., 325 N.C. 172, 175, 381 S.E.2d 445, 446 (1989).
 
 
 10
 Jenkins argues that the assurances given to him by the police chief and the mayor created a property interest. However, assuming that the mayor or the chief could validly contract for the town, North Carolina law requires that an employment contract be of a definite duration in order to fall outside the employment-at-will doctrine. See Still v. Lance, 279 N.C. 254, 259, 182 S.E.2d 403, 406 (1971) (contract must continue through fixed term). Jenkins failed to allege that he was promised that his employment would continue through a fixed term. His allegation of promises that his employment would not interfere with his candidacy for sheriff is not sufficient. See Tuttle v. Kernersville Lumber Co., 263 N.C. 216, 139 S.E.2d 249 (1964); Malever v. Kay Jewelry Co., 223 N.C. 148, 25 S.E.2d 436 (1943). Therefore, under North Carolina law Jenkins was an employee at will who could be fired for no reason. Coman, 325 N.C. at 175, 381 S.E.2d at 446. He did not acquire a property interest in his continued employment and his dismissal did not violate the Due Process Clause. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).
 
 
 11
 In summary, we find that the district court properly granted summary judgment to defendants based upon Jenkins's First Amendment and Due Process arguments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The department regulations were amended twice between the time that Jenkins was employed and when he was terminated. The last amendment occurred about a month prior to his termination and required any member of the police department to resign immediately upon filing as a candidate for any elected office. Jenkins alleged that this last amendment was directed specifically at his candidacy and was intended to discourage him from entering the sheriff's race