The Honorable William P. McKenna Senator, District 22 State Capitol Building Jefferson City, Missouri 65101
Dear Senator McKenna:
This opinion responds to your question asking:
 May a paid employee of either a tax supported ambulance district or a tax supported fire district serve as a board member of another tax supported fire or ambulance district which has full time paid employees?
Section 321.017[1] addresses this issue. It provides:
 [N]o employee of any fire protection district or ambulance district shall serve as a member of any fire district or ambulance district board while such person is employed by any fire district or ambulance district, except that an employee of a fire protection district or an ambulance district may serve as a member of a voluntary fire protection district board or a voluntary ambulance district board.
(our emphasis). Unless the employee seeks to serve as a member of "a voluntary fire protection [or ambulance] district board," § 321.017 prohibits such service. No statute defines that ambiguous phrase and no appellate court has construed it.
The purpose of statutory construction is to ascertain the legislature's intent and to give effect to that intent if possible. We consider statutory terms in their plain and ordinary sense. Trainliner Corp. v. Director of Revenue, 783 S.W.2d 917
(Mo. banc 1990). We find that meaning in the dictionary. DeltaAirlines, Inc. v. Director of Revenue, no. 77667 (Mo. banc Oct. 24, 1995) slip op. at 4. "Voluntary" means "acting or done of one's own free will without valuable consideration or legal obligation." Webster's Ninth New Collegiate Dictionary 1322 (9th ed. 1987). The term "voluntary" modifies either "district" or "board."
In State ex inf. Gavin v. Gill, 688 S.W.2d 370, 372 (Mo. banc 1985), the Missouri Supreme Court construed § 321.015, which prohibits certain officeholders or employees from serving as fire protection district directors. The court found that:
 [p]ublic bodies have an important interest in securing the absolute loyalty of their employees. Different governmental units frequently interrelate . . . . The legislature well might conclude that an employee of one governmental unit should not be eligible to serve as a member of the governing board of another[.]
We conclude that § 321.017 has a similar purpose: to prevent conflicts of interest and secure loyalty. The districts' boards set the salaries and benefits, if any, of their employees. Sections 321.220 (9), (15); 321.600 (9), (15) and 190.060 (6), (8). Thus, the possibility of a conflict in that regard would appear less likely for districts using workers who receive no valuable consideration. Those concerns are not as prominent for board member compensation because statutes already strictly limit that. Sections 190.055 and 321.190. Therefore, the term "voluntary" modifies the noun "district." We conclude that an employee of any fire protection or ambulance district may not serve on the board of any fire protection or ambulance district unless it is a "voluntary" district; that is, one which does not compensate its workers.
CONCLUSION
It is the opinion of this office that § 321.017, RSMo 1994, prohibits an employee of any fire protection district formed under chapter 321, RSMo 1994, or any ambulance district formed under chapter 190, RSMo 1994, from serving on the board of any fire protection or ambulance district which has full time paid employees.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] All statutory references are, unless otherwise indicated, to the 1994 Revised Statutes of Missouri (RSMo).