The Honorable Billi Fletcher State Representative 403 West Palm Street Lonoke, Arkansas 72086-3445
Dear Representative Fletcher:
This is in response to your request for an opinion on the constitutionality of a recent policy implemented by Lonoke County Sheriff J.O. Isaac.
The first page of the policy you have enclosed with your request is entitled "Introduction," and states in relevant part that employees of Lonoke County are "at-will" employees, and that nothing in the policy creates a property right in employment or any expectancy of continued employment. The second page of the policy which was attached to your request is entitled "Addendum to Sheriff Policy," and it is this page which I assume gives rise to your question. The Addendum provides as follows:
 Past campaign years have shown probable violations of Lonoke County Personnel policy. Also the minimum number of personnel this department has employed for specific purposes, cannot afford even one person not giving their full time and ability to their work. Therefore the following policy is effective this date 5-10-95.
 Any full time employee assigned to Lonoke County Sheriff's Department, who declares, campaigns, announces or pays filing fees to their party to seek any political office shall be expected to submit to the Sheriff of the county a request for leave of absence, without pay, two (2) weeks in advance of their declaration; having full knowledge that position or job will not be secured.
 In addition, it is prohibited for any employee of the Lonoke County Sheriff's Department to actively campaign for any candidate during their working hours.
I assume that it is the second paragraph above which gives rise to your question.[1] In response to your question regarding the constitutionality of this policy, I have enclosed a copy of Op. Att'y Gen. 93-423, which addresses a similar policy in Ashley County and whether that policy violates an employee's freedom of speech and association rights guaranteed under the First Amendment to the United States Constitution. I should note, however, that in Op. 93-423, the policy at issue was a county-wide policy, presumably adopted in some fashion by the Ashley County Quorum Court under its authority to adopt "employee policy and practices of a general nature." See A.C.A. §14-14-805(2). It appears that the policy which gives rise to your question has been adopted only by the sheriff, and has not been in any way adopted by the quorum court.[2]
Opinion 93-423 indicates that the constitutionality of policies limiting the participation of public employees in political activity can only be definitively be decided by the courts. There is a substantial amount of state and federal of case law analyzing the constitutionality of similar policies, but the decisions in each appear to turn upon the particular facts and circumstances surrounding the particular policy or ordinance. In Opinion 93-423, however, I opined that in all likelihood the Ashley County policy would be found constitutional. I based this decision on the fact that the policy at issue there did not purport to control or restrict employees' right to voice their personal political beliefs, nor did it infringe on their right or ability to effectuate those beliefs a the polls. Rather, the policy proscribed conduct, i.e., seeking a political office rather than "pure speech." I also stated that the Ashley County policy would likely be upheld because it was not "overbroad." The policy there applied only to employees announcing and running for othercounty offices. Additionally, the restriction no longer applied if the employee or candidate had no opposition in the race. The same cannot be said for the Lonoke County Sheriff's policy. It applies to require leaves of absence of employees seeking "any political office," whether it be a county office, city office, school district office, state or national office, and it makes no exception for uncontested races. There are a sizable number of federal cases which have found such broad language "overbroad" and therefore unconstitutional. See, e.g., 51 A.L.R. 4th at 745-747. It appears, however, that the Eighth Circuit Court of Appeals has upheld, against an "overbreadth" challenge, a similar policy which prohibited members of the St. Louis Police Department from "becoming a candidate for, or campaigning for, an elective public office." Otten v. Schicker,655 F.2d 142 (8th Cir. 1981) at 143, 145. Presumably this prohibition applied to any elective office, like the sheriff's policy you have presented for my review. In Otten, a police officer filed for nomination as a state senator. The court in Otten stated that the overbreadth test to be applied to proscriptions against conduct rather than pure speech is whether the prohibition is both real and substantial. The court did not find the St. Louis policy void under this test, and left its potential application to other factual contexts to be determined on a case-by-case basis.
It is therefore my opinion, although the issue could only be resolved definitively by a court, that there is some precedent supporting the constitutionality of such a policy. The decisions in such cases, however, appear to turn significantly on the factual application of the policies, requiring a court review for a definitive answer.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The conduct described in the third paragraph is already prohibited, for the most part, by state law. See A.C.A. § 7-1-103(2)(A) (prohibiting any public officer, deputy, or assistant to devote any time or labor during usual office hours toward the campaign of any other candidate for office or nomination to any office).
[2] You have not specifically inquired as to the sheriff's authority, as opposed to the quorum court's authority, to adopt general employment policies of this nature. As such I have not addressed this point in detail, but will note that should the quorum court adopt a later policy which contradicts the sheriff's policy in some respects, the quorum court's action may be given preemptive effect under A.C.A. § 14-14-805.