Dear Representative Harris:
You have submitted the following questions to this office for response:
 1) In reference to RSMo § 321.200, § 321.220 and § 321.600.9, can the Board of Directors of the Boone County Fire Protection District delegate, by resolution, the authority to hire or terminate employees and/or volunteers of the Fire Protection District?
 2) Does the language of RSMo § 321.015 prohibit a retired State of Missouri employee who receives more than seventy five dollars per day in retirement income from the State of Missouri from serving on the Board of Directors of a Fire Protection District in the State of Missouri?
(1) Section 321.220(9), RSMo. Supp. 2006, empowers the district, and the board on its behalf, to "hire and retain agents, employees, engineers and attorneys, including part-time or volunteer firemen[.]" Section 321.200.1[1] provides, in pertinent part, that "[t]he board, acting as a board, shall exercise all powers of the board, without delegation thereof to *Page 2 
any other governmental or other body or entity or association, and without delegation thereof to less than a quorum of the board."
Opinion No. 96-92, Lang (August 26, 1992), addressed whether the Board of Regents of Central Missouri State University could delegate to the President of the University the authority to appoint, reappoint, and discharge full-time or part-time faculty of the institution. Section174.120, RSMo 1986, said that "the board shall possess full power and authority to . . . appoint and dismiss all officers and teachers. . . ." Section 174.090, RSMo 1986, provided that:
 A majority of the members of the board shall constitute a quorum for the transaction of business, but no appropriation of money nor any contract which shall require any appropriation or disbursement of money, shall be made, nor teacher employed or dismissed, unless a majority of all the members of the board vote for the same.
Based on these statutes, as well as Section 174.150, RSMo 1986, which provided that before any professor or teacher could be removed, "he shall have an opportunity to make a defense before the board[,]" it was the opinion of this office that the board could not delegate to the president the authority to appoint or dismiss faculty.
The statutes that govern fire protection district boards now and those that governed the board of Central Missouri State University in 1992 are similar in this respect: They indicate that in exercising certain of their powers, the boards must not delegate their authority, but must themselves act.
Section 321.200.1 prohibits the board of a fire protection district from delegating its powers to "any other governmental or other body or entity or association, . . . [or] less than a quorum of the board." It does not expressly prohibit the board from delegating its powers to an employee of the fire protection district. But we do not believe it is logical to read such an exception into the broad prohibition against the district delegating its powers as the primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in a statute in their plain and ordinary meaning. Wolff Shoe Co. v. Dir. ofRevenue, 762 S.W.2d 29, 31 (Mo. banc 1988). Thus, we conclude that the Board may not delegate by resolution the authority to hire and fire employees or volunteers. *Page 3 
(2) Section 321.015 reads as follows:
 No person holding any lucrative office or employment under this state, or any political subdivision thereof as defined in section 70.120, RSMo, shall hold the office of fire protection district director under this chapter. When any fire protection district director accepts any office or employment under this state or any political subdivision thereof, his office shall thereby be vacated and he shall thereafter perform no duty and receive no salary or expenses as fire protection district director. This section shall not apply to members of the organized militia, of the reserve corps, public school employees and notaries public, or to fire protection districts located wholly within counties of the second, third or fourth class or located within first class counties not adjoining any other first class county, nor shall this section apply to any county of the first or second class not having more than nine hundred thousand inhabitants which borders any three first class counties; nor shall this section apply to any first class county without a charter form of government which adjoins both a first class county with a charter form of government with at least nine hundred thousand inhabitants, and adjoins at least four other counties. The term "lucrative office or employment"
does not include receiving retirement benefits, compensation for expenses, or a stipend or per diem, in an amount not to exceed seventy-five dollars for each day of service, for service rendered to a fire protection district, the state or any political subdivision thereof.
The construction of the last sentence of the statute is at issue. In brief, the question is: does the exemption from the general prohibition against holding "lucrative office or employment" and holding the office of fire protection district director apply to anyone receiving retirement benefits from a political subdivision, or only those receiving retirement benefits in an amount equivalent to less than $75 per day?
Section 321.015 has withstood an equal protection challenge. State exinf. Gavin v. Gill, 688 S.W.2d 370 (Mo. banc 1985). However, it has not otherwise been construed, and we have found no case construing the term "lucrative office or employment" with respect to retirement benefits. To the extent possible, we again consider the plain and ordinary meaning of the words of the statute in order to ascertain the legislature's intent. However, where an ambiguity exists, we may resort to canons of construction. State v. Meggs, 950 S.W.2d 608, 611 (Mo.App.S.D. 1997). Ambiguities in statutes imposing qualifications for *Page 4 
office are to be resolved in favor of eligibility. 67 C.J.S. Officers § 11 (1950), cited in State ex rel. Burke v. Campbell, 542 S.W.2d 355, 359
(Mo.App. St.L.D. 1976) (McMillian, J., dissenting). "The construction of statutes is not to be hyper-technical, but instead is to be `reasonable and logical and [to] give meaning to the statutes.'" State ex rel. Rhodesv. Crouch, 621 S.W.2d 47, 49 (Mo. banc 1981), quoted in Lewis v. Gibbons,80 S.W.3d 461, 467 (Mo. banc 2002). At times those two canons have worked at cross-purposes, as in Lewis v. Gibbons, in which the majority found the most reasonable construction of the statutory restriction disqualified the candidate (Wolff, J. dissenting). In the instant case, however, they do not.
The use of the disjunctive "or" in Section 321.015 before the phrase "stipend or per diem" indicates an alternative that usually corresponds to the word "either," State ex rel Pub. Counsel v. Pub. Ser. Comm'n,210 S.W.3d 344, 354 (Mo.App.W.D. 2006), suggesting that "stipend or per diem" are items of a type set apart from "retirement benefits or compensation for expenses." Webster's II New College Dictionary (2001) defines a "stipend" as "a regular fixed payment, as a salary or an allowance," and a "per diem" as "an allowance for daily expenses." The definitions imply that stipends and per diems are amounts paid for current service. By contrast, retirement benefits are paid for past service.
In Gavin v. Gill, the court surmised that the purpose of the restrictions set forth in Section 321.015 was to prevent a conflict of interest on the part of one who might be an employee of one political subdivision and the member of the governing board of another. Id. at 372. It likewise surmised that the legislature might have concluded that the exceptions for part-time or public school employees were appropriate as they would be more isolated from the normal course of political activity so that the possibility of conflict of interest was minimal. If the purpose of the restrictions is to minimize conflict of interest, it makes little sense to distinguish between those persons whose retirement benefits exceed $75 per day and those whose retirement benefits fall under that amount. It is more logical to distinguish between those who receive compensation for current service such as a stipend or per diem, and those who receive payments for past service such as retirement benefits. The latter are less likely to promote a sense of current obligation on the part of the recipient. Thus, we conclude that the $75 per day ceiling in the statute does not apply to retirement benefits. *Page 5 
 CONCLUSION
(1) The Board of Directors of the Boone County Fire Protection District may not delegate, by resolution, the authority to hire or terminate employees and/or volunteers of the Fire Protection District.
(2) Section 321.015 does not prohibit a retired State of Missouri employee who receives more than $75 per day in retirement income from the State of Missouri from serving on the board of directors of a fire protection district in the State of Missouri.
 Very truly yours,
 ____________________________ JEREMIAH W. (JAY) NIXON Attorney General
[1] Statutory references are to the Revised Statutes of Missouri, 2000, unless otherwise noted. *Page 1