DAVID TOMPKINS, PLAINTIFF v. JACK ALLEN AND ROSES STORES, INC., DEFENDANTS

No. 9126SC780

(Filed 6 October 1992)

**Master and Servant § 10.2 (NCI3d)— employer's bad faith—no public policy concern—no wrongful discharge of employee**

     The trial court properly dismissed plaintiff's claim for unlawful termination of his employment-at-will where plaintiff's evidence tended to show only that his supervisor temporarily altered inventory records and then used the altered inventory records as an excuse for plaintiff's discharge, a

TOMPKINS v. ALLEN

[107 N.C. App. 620 (1992)]

discharge which could have been carried out absent any reason, and such action on the part of the supervisor, though tending to show bad faith which is not to be condoned, did not rise to the level of public policy concern.

**Am Jur 2d, Master and Servant § 43.**

**Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.**

APPEAL by plaintiff from judgment entered 12 March 1991 in MECKLENBURG County Superior Court by *Judge Julia V. Jones.* Heard in the Court of Appeals 26 August 1992.

On 1 July 1988, plaintiff David Tompkins filed a complaint in Mecklenburg County Superior Court against respondents Jack Allen and Roses Stores, Inc. The complaint alleged unlawful termination and breach of employment contract. Plaintiff took a voluntary dismissal of said action on 17 November 1989 and filed a new complaint on 26 October 1990. Plaintiff's second complaint re-alleged unlawful termination and breach of contract and added claims for negligent infliction of emotional distress and tortious interference with a contract. Defendants filed a motion to dismiss and a motion on the pleadings. On 12 March 1991, Judge Jones signed and filed an order dismissing the action with prejudice. Judge Jones dismissed plaintiff's claims for unlawful termination, breach of employment contract, and negligent infliction of emotional distress. The judge also determined that plaintiff's tortious interference with contract claim was barred by the statute of limitations. Plaintiff gave written notice of appeal to this Court on 11 April 1991.

*Pamela A. Hunter for plaintiff-appellant.*

*Rayburn, Moon & Smith, P.A., by Matthew R. Joyner, for defendant-appellee Jack Allen.*

*Perry, Kittrell, Blackburn & Blackburn, by Charles F. Blackburn, for defendant-appellee Roses Stores, Inc.*

WELLS, Judge.

Plaintiff brings forward in this appeal the sole question of whether his claim for unlawful termination was properly dismissed. Because the trial court considered matters outside the pleading,

the judgment entered there must be considered as one for summary judgment. *Long v. Fink*, 80 N.C. App. 482, 342 S.E.2d 557 (1986); *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971).

This cause of action arises out of plaintiff's termination as a store manager for a Roses Department Store. At the time of his dismissal, plaintiff was employed by defendant under an employment-at-will contract. Plaintiff alleged in his second complaint that defendant Jack Allen, plaintiff's supervisor, intentionally altered certain inventory records for which plaintiff was responsible and then used the altered records as a reason to terminate plaintiff's employment with Roses.

As a general rule, an employee-at-will has no claim for relief for wrongful discharge. *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 335 S.E.2d 79, *disc. rev. denied*, 315 N.C. 597, 341 S.E.2d 39 (1986). Either party to an employment-at-will contract can terminate the contract at will for no reason at all, or for an arbitrary or irrational reason. *Privette v. University of North Carolina*, 96 N.C. App. 124, 385 S.E.2d 185 (1989). However, this doctrine is not without limits and a valid claim for relief exists for wrongful discharge of an employee at will if the contract is terminated for an unlawful reason or a purpose that contravenes public policy. *Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 381 S.E.2d 445 (1989); *Sides v. Duke University*, 74 N.C. App. 331, 328 S.E.2d 818, *disc. rev. denied*, 314 N.C. 331, 333 S.E.2d 490 (1985).

Following the *Coman* decision, there was a significant amount of discussion as to how broadly the public policy exception would be applied and whether the *Coman* Court had recognized a bad-faith exception to the employment-at-will doctrine. In *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 416 S.E.2d 166 (1992), our Supreme Court clarified North Carolina's position on the employment-at-will doctrine and its exceptions. In *Amos*, the Supreme Court made it very clear that North Carolina has not recognized a distinct tort for a bad-faith discharge of an employee at will, nor has North Carolina adopted a bad-faith exception to the employment-at-will doctrine; "To repeat: our discussion of bad faith discharge in *Coman* was *dicta*. The issue in *Coman* was whether to adopt a public policy exception to the employment-at-will doctrine." *Amos*, *supra*. Therefore, in order for a wrongful discharge claim arising out of

an employment-at-will setting to withstand a motion for summary judgment, plaintiff must demonstrate that his claim falls under the public policy exception to the employment-at-will doctrine.

Taking the forecast of evidence presented in the light most favorable to the plaintiff, it appears, as a matter of law, that plaintiff has failed to establish a claim for wrongful discharge. Taken as true, plaintiff's evidence tends only to show that his supervisor temporarily altered inventory records and then used the altered inventory records as an excuse for plaintiff's discharge, a discharge which could have been carried out absent any reason. While plaintiff's evidence tends to show bad faith, not to be condoned, such behavior does not rise to the level of public policy concern.

In *Privette, supra,* a case somewhat similar to the case at bar, the plaintiff was discharged by his employer for failing to keep a clean work area. In his complaint, plaintiff claimed wrongful discharge and alleged that defendants conspired to make plaintiff's work area appear to be in much worse condition than the other work areas. This Court held that while plaintiff's allegations possibly asserted an arbitrary reason for discharge, they did not assert an unlawful reason. Similarly, in the case at bar, we hold that plaintiff failed to support his claim for wrongful discharge. Because of our holding, we need not address plaintiff's other assignments of error.

The trial court's order of dismissal is

Affirmed.

Judges ORR and GREENE concur.