**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAUL YORK,
Plaintiff-Appellee,

v.

GOLDEN POULTRY COMPANY,
INCORPORATED,                                    No. 95-2338
Defendant-Appellant,

and

GOLD KIST, INC.,
Defendant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-94-45-5-H)

Argued: January 27, 1997

Decided: February 26, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Reversed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Lester Neal Ellis, Jr., HUNTON & WILLIAMS, Raleigh,
North Carolina, for Appellant. Ronald Gene Braswell, Glenn A. Bar-
field, BARNES, BRASWELL & HAITHCOCK, P.A., Goldsboro,

North Carolina, for Appellee. **ON BRIEF:** Matthew P. McGuire, HUNTON & WILLIAMS, Raleigh, North Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Here we have a case where we should arrive at the conclusion that the case should be reversed provided the merits presented in the instant appeal are properly before the court. Accordingly, we must first consider the question of whether the issue on the merits can be addressed at all. Paul York operated for 18 years in several counties of North Carolina as a sales agent for the Golden Poultry Company or its predecessor, Gold Kist, Inc. The agreement covering the relationship was oral. A time came when York would not agree to an alteration in the commission terms applicable to his sales and thereupon Golden Poultry terminated the arrangement. In response, York claimed breach of contract by Golden Poultry, which led to the instant suit. The arrangement, however, called for York to be able to terminate the agreement at any time. Moreover, the arrangement allowed for York to continue to work for Golden Poultry if he wished for his lifetime. Under Tuttle v. Kernersville Lumber Co., 139 S.E.2d 249 (N.C. 1964), and McMurry v. Cochrane Furniture Co., 425 S.E.2d 735 (N.C. App. 1993), North Carolina law made the arrangement between York and Golden Poultry accordingly terminable at will and judgment, if the merits may be considered, would result in a judgment in favor of Golden Poultry, reversing the district court judgment for York.

Golden Poultry first raised the issue of whether the contract was terminable at will in its pretrial motion for summary judgment. The district court denied Golden Poultry's motion, and the case proceeded to a jury trial which resulted in a verdict of $597,199.77 for York. As

2

a result, Golden Poultry appealed. Golden Poultry, however, framed its appeal as an appeal of the denial of its pretrial motion for summary judgment, rather than an appeal from the district court's denial of Golden Poultry's motion for judgment as a matter of law at the conclusion of the trial. See Fed.R.Civ.P. 50.

The Fourth Circuit holds, as do most of the other circuits, that a motion for summary judgment if denied can normally not be meaningfully appealed if a trial has followed such denial of the motion for summary judgment. Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp., 51 F.3d 1229 (4th Cir. 1995) (reviewing a Rule 50 decision is based on the complete trial record and not the incomplete pretrial record available at summary judgment). The reasoning behind the court's reluctance to review following trial the denial of a pretrial motion for summary judgment is that the case having moved on by trial before a jury is no longer in the same posture as the case was when the trial court ruled upon the motion for summary judgment. Facts may have been introduced rendering the question a different one at the conclusion of the trial than the question confronting the court at the motion for summary judgment stage. "It makes no sense whatever to reverse a judgment on the verdict where the trial evidence was sufficient merely because at summary judgment it was not." Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 579, 130 L.Ed.2d 494 (1994).

Here, however, York, in responding to Golden Poultry's appeal, did not make the contention that the issue which Golden Poultry sought to raise was not properly preserved. Instead, York proceeded to treat the case as Golden Poultry did briefing several issues, and arguing both issues before the court. York in making those arguments in no way added to the facts introduced at trial in any sufficient manner to make inapplicable the terminable at will characteristic of the parties' arrangement. The same rule on the merits should therefore control. Moreover, it would appear that York has estopped himself from contending that Golden Poultry could not argue on the very points which York chose to argue. The contention that the summary judgment motion could not be repeated on appeal following a jury trial (a motion for judgment as a matter of law being the proper one to file) was effectively waived by York or at least constituted harmless error. The error of misuse of terminology in the appeal that Gol-

3

den Poultry took was rendered harmless by the parties acting as if a correct appeal had been taken.

In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court addressed the consequences of the appellant's failure to specify a particular judgment in a notice of appeal. The Supreme Court held that courts could overlook such a defect as long as the faulty notice "did not mislead or prejudice" the appellee. Id. at 181. In reaching that conclusion, the Court stated:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

Id. at 181-82 (quoting Conley v. Gibson , 355 U.S. 41, 48 (1957)).

In applying that principle, several courts of appeal have held that an error in designating the issue appealed will not result in a loss of appeal as long as "the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced by the mistake." Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1481 (9th Cir. 1986) (quoting United States v. One 1977 Mercedes Benz, 708 F.2d 444 (9th Cir. 1983)); Badger Pharmacal, Inc. v. Colgate-Palmolive Co., 1 F.3d 621, 625-26 (7th Cir. 1993). In determining whether "intent" and "prejudice" exist, courts have examined "whether the affected party had notice of the issue on appeal; and . . . whether the affected party had an opportunity to fully brief the issue." Lynn, 804 F.2d at 1481. Courts also have held that when the appellant addresses the merits of a particular issue in its opening brief, "this is enough to demonstrate that the appellee had notice of the issue and did not suffer prejudice . . . ." Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 691 (9th Cir. 1993).

Accordingly, we believe that while the rule of Chesapeake Paper remains normally in effect, it is inapplicable in the circumstances of the case presented. Consequently, we adopt the rule which, on the

4

merits, clearly should apply and direct a reversal of the judgment in York's favor.*

The judgment is, accordingly,

<u>REVERSED</u>.

_____

*It is, consequently, unnecessary to consider the other argument which Golden Poultry sought to rely on, namely, that the arrangements under which it operated with York were purely oral and, accordingly, transgressed the statute of frauds.

5