**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BOBBY RAY REGAN,
<u>Plaintiff-Appellant,</u>

v.

WESTPOINT STEVENS, INCORPORATED,

No. 96-2005

formerly known as WestPoint
Pepperell, Incorporated; TIM
LAGROWN,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CA-96-12-7-F)

Submitted: January 20, 1998

Decided: March 16, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Clifford Leon Lee, II, THE LEE LAW FIRM, P.A., Fayetteville,
North Carolina, for Appellant. James M. Powell, D. Ross Hamilton,
Jr., HAYNSWORTH, BALDWIN, JOHNSON & GREAVES,
Greensboro, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Bobby Ray Regan was employed by WestPoint Stevens, Inc., from August 31, 1977, to May 6, 1993. In April 1993, management at one of the employer's plants investigated reports of drugs being used or sold at the plant. In his investigation, the director of security requested that Regan provide a urine sample. In an effort to comply with the investigation, Regan drank eight glasses of water over a six-hour period but was unable to produce a sufficient quantity of urine for testing. This conduct was deemed a failure to cooperate with the employer's investigation and Regan's employment was terminated pursuant to company policy.

Regan filed this civil action alleging that he was wrongfully discharged from his employment.[1] The district court granted the employer's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. We affirm.

On review of a motion to dismiss for failure to state a claim, dismissal is properly granted if, construing the allegations in the light most favorable to the plaintiff and assuming facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations.[2] With this in mind, we now address Regan's wrongful termination claim.

_____

[1] Regan asserted five claims in the district court, but only raised the wrongful termination claim on appeal; therefore, he has waived appellate review of the remaining claims. See Tucker v. Waddell, 83 F.3d 688, 690 (4th Cir. 1996) (holding that issues not briefed or argued deemed abandoned).
[2] **See Hishon v. King & Spalding** , 467 U.S. 69, 73 (1984); Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

2

Because Regan was employed at WestPoint Stevens without an agreement for a specific duration, he was an at-will employee.[3] Typically, either party in an employment-at-will relationship can terminate the relationship for an arbitrary or irrational reason or for no reason at all, thereby generally leaving an employee in such a relationship without relief for claims of wrongful discharge.[4] However, if an employment-at-will relationship is terminated for an unlawful reason or for a purpose that contravenes public policy, then the terminated employee may assert a claim for wrongful discharge.[5]

North Carolina law provides several public policy exceptions to the employee-at-will rule. For example, it is against public policy to terminate an employee based on his honest testimony against an employer or his refusal to testify dishonestly.[6] In addition, an employee may not be terminated for refusing to disobey the law,[7] or for refusing to work for less than minimum wage.[8] However, the scope of these public policy exceptions is narrow.[9]

_____

[3] **See Still v. Lance**, 182 S.E.2d 403, 406 (N.C. 1971).

[4] **See Tompkins v. Allen**, 421 S.E.2d 176, 178 (N.C. Ct. App. 1992).
[5] **See Coman v. Thomas Mfg. Co.**, 381 S.E.2d 445, 447 (N.C. 1989); Sides v. Duke Univ., 328 S.E.2d 818, 826 (N.C. Ct. App. 1985).
[6] **See Sides**, 328 S.E.2d at 826 (finding that termination contravened public policy when termination was based on employee's refusal to falsely testify against her employer); Williams v. Hillhaven Corp., 370 S.E.2d 423, 426 (N.C. Ct. App. 1988) (expanding policy exception to protect discharged employee who testified honestly in an unemployment compensation hearing); but cf. Daniel v. Carolina Sunrock Corp., 436 S.E.2d 835, 836 (N.C. 1993) (holding that discharge of subpoenaed employee, who expressed willingness to testify honestly, did not violate public policy).
[7] **See Coman**, 381 S.E.2d at 447 (public policy exception created for terminated employee who refused to violate government highway safety rules).
[8] **See Amos v. Oakdale Knitting Co.** , 416 S.E.2d 166 (N.C. 1992).
[9] **See Boesche v. Raleigh-Durham Airport Auth.**, 432 S.E.2d 137, 139-40 (N.C. Ct. App. 1993) (refusing to find exception for terminated employee who held position of public safety and refused to submit to random drug test).

3

In the case at bar, Regan seeks relief from the employment-at-will rule by asserting that his termination was done untruthfully, "deliberately without provocation in an unprofessional manner," subjecting Regan to "irreparable harm." Regan, however, has not shown how his employer's behavior satisfied any of the recognized public policy exceptions to the employment-at-will rule. Construing Regan's allegations in a light most favorable to him and assuming the facts alleged in the complaint are true, Regan has established, at most, that his employment was terminated in bad faith. However, because North Carolina does not recognize bad faith as an exception to the employment-at-will rule, such allegations do not rise to the level of public policy concern.**10** Consequently, Regan failed to state a claim of wrongful termination.

We affirm the dismissal of Regan's complaint for failure to state a claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
**10** <u>See Amos</u>, 416 S.E.2d at 173; <u>Tompkins</u>, 421 S.E.2d at 178.

4